UNTIED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOPSTEPTRADER, LLC, | ) |
| Plaintiff, | ) Case Number 17-cv-4412 |
| v. | ) Judge: Hon. Harry D. Leinenweber |
| ONEUP TRADER, LLC, | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Defendant, OneUp Trader, LLC ("OneUp"), through its attorneys, hereby answers the corresponding paragraphs of Plaintiff's Complaint as follows:

**PARTIES**

Defendant denies the allegations set forth in the first, unnumbered paragraph.

1. OneUp lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are accordingly denied.

2. It is admitted that OneUp Trader, LLC, is a Delaware limited liability corporation. It is denied that the principal place of business is at 501 Silverside Road, Suite 403, Wilmington, Delaware 19809.

**JURISDICTION AND VENUE**

3. It is denied that the amount in controversy exceeds $75,000. It is admitted that this Court has subject matter jurisdiction over plaintiff's claim under the Copyright Act. As to whether the parties are completely diverse, OneUp lacks information or knowledge sufficient to form a belief as to the truth of that allegation and it is accordingly denied. The remaining allegations of this paragraph are denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

## "FACTUAL BACKGROUND"

8. Denied.

9. Denied.

10. OneUp lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are accordingly denied.

11. Denied.

12. Denied.

13. OneUp lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are accordingly denied.

14. Denied.

15. OneUp lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are accordingly denied.

16. Denied.

17. Denied.

18. It is admitted that plaintiff's website is available to the general public. The remaining allegations of this paragraph are denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## "DEFENDANT ONEUP'S MISCONDUCT"

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. It is admitted only that OneUp made changes to its website after receiving a cease and desist letter from plaintiff. The remaining allegations of this paragraph are denied.

36. Denied.

37. It is admitted only that OneUp made additional changes to its website after receiving a second letter from plaintiff. The remaining allegations of this paragraph are denied.

38. It is admitted that plaintiff sent a letter on or around May 31, 2017. The remaining allegations of this paragraph are denied.

39. Denied.

40. Denied.

41. It is admitted that plaintiff's counsel sent the letters attached at Exhibit G. The remaining allegations of this paragraph are denied.

42. Denied.

## COUNT I
## "COPYRIGHT INFRINGEMENT"

43. OneUp incorporates by reference its answers to the preceding paragraphs as if set forth fully herein.

44. OneUp lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are accordingly denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT II
## "BREACH OF CONTRACT"

50. OneUp incorporates by reference its answers to the allegations contained in the preceding paragraphs as if set forth fully herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

WHEREFORE, OneUp respectfully requests that this Court:

1. Enter judgment in its favor and against plaintiff on each of its claims;

2. Award OneUp its attorneys fees and costs pursuant to the Copyright Act, 17 US.C. § 505;

3. Deny plaintiff's request for injunctive relief; and

4. Grant OneUp such other relief as may be just and warranted under the circumstances.

## **AFFIRMATIVE DEFENSES**

OneUp asserts the following defenses without prejudice to denials set forth above in this answer; without admitting any allegations of the Complaint not otherwise admitted above, and without assuming any burden of production, proof, or persuasion that OneUp would not otherwise have under applicable law. Because OneUp's factual investigation is ongoing and discovery has not yet commenced, OneUp expressly reserves the right to allege additional defenses after appropriate discovery.

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff has not suffered any cognizable, nonspeculative injury or damages.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright misuse. Among other things, plaintiff has misused the litigation process in an attempt stifle competition under the guise of "copyright." Plaintiff has also claimed copyright in subject matter that it did not author, and that it knew it did not author or own.

### Sixth Affirmative Defense

Plaintiff's copyright claim is barred because of its fraud on the copyright office. At least portions of plaintiff's website content were not authored by plaintiff and it does not own at least portions of its website content. Plaintiff intentionally failed to inform the copyright office of these facts.

## COUNTERCLAIM OF NO COPYRIGHT INFRINGEMENT

For its Counterclaim against Topstep Trader, LLC ("Topstep"), OneUp Trader, LLC ("OneUp") alleges as follows:

## THE PARTIES

1. OneUp is a Delaware limited liability company with its principal place of business at Building 7, 11th Floor, Ahmad Jaber St., Sharq, Kuwait 13019.

2. On information and belief, Topstep is an Illinois limited liability company with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. section 1338(a) because plaintiff has asserted a copyright claim and this counterclaim pertains to that copyright claim.

4. This Court has personal jurisdiction over Counterclaim-Defendant Topstep because it has availed itself of this Court by bringing its claims against OneUp in this Court, and because Topstep's principal place of business is in this District.

5. Venue exists in this District under 28 U.S.C. sections 1391 and 1400(a) because Topstep resides in this District and has consented that venue is proper in this District by bringing its copyright claim against OneUp in this Court.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

6. On June 12, 2017, Topstep filed this lawsuit against OneUp, asserting, among other things, infringement of Topstep's purported copyrights in certain website content.

7. Topstep claims to own copyright interests in certain website content.

8. Topstep claims that OneUp is infringing purported copyrights in that website content.

7

9. OneUp has not been and is not now infringing any copyright interest of plaintiff in the website content. Among other reasons, the content at issue lacks the requisite originality to qualify for copyright protection, and OneUp's website content is not substantially similar to plaintiff's purported copyright in its website.

10. In addition, on information and belief, Topstep does not own some or all of its website content.

11. In light of Topstep's copyright claim asserted in its complaint against OneUp, there exists a substantial controversy, immediate and real, between parties having adverse legal interests—Topstep on the one hand and OneUp on the other—over the issue of whether Topstep owns copyright in its website content, whether the applicable content qualifies for copyright protection, and whether OneUp's content is substantially similar to Topstep's.

12. Accordingly, OneUp seeks, and is entitled to, a judicial declaration that it has not and is not infringing any putative copyright interest of plaintiff in the Topstep website content.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered plaintiff's complaint and having asserted a counterclaim, OneUp prays for judgment as follows:

A. That this Court fully and finally dismiss with prejudice plaintiff's claims against defendant and that plaintiff take nothing from defendant;

B. That this Court enter judgment and/or declare that OneUp has not and does not infringe any copyright interest of plaintiff in its website content;

C. That this Court enter a judgment awarding OneUp its attorneys' fees under 17 U.S.C. section 505;

D. That this Court award OneUp all of its costs of this action; and

E.  That this Court grant OneUp such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant/counterclaim plaintiff OneUp hereby demands a trial by jury on all issues so triable.

Dated:  August 21, 2017                    DUANE MORRIS LLP


  */s/* David J. Wolfsohn
David J. Wolfsohn (*admitted pro hac*)
djwolfsohn@duanemorris.com
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1000
Fax:    (215) 979-1020

*Attorneys for Defendant OneUp Trader, LLC*