UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOPSTEPTRADER, LLC<br><br>                    Plaintiff,<br><br>    v.<br><br>ONEUP TRADER, LLC, and<br>SATTAM ALSABAH,<br><br>                    Defendants. | Case Number: 17-cv-4412<br>Honorable Judge Harry D. Leinenweber<br><br>**JURY TRIAL DEMANDED** |

### SECOND AMENDED COMPLAINT

TopstepTrader, LLC ("TST") operates the internationally renowned premier scouting and recruiting program to attract, vet, and fund prospective traders that uses patent pending technology, which has been featured or cited in numerous news articles, such as in Forbes, CNBC, Bloomberg, Fox Business, and MarketWatch, among others. It provides its clients with software and training that it spent thousands of hours developing and perfecting. But rather than invest time and resources into developing its own content, and in violation of the agreements it entered, Defendants Sattam Alsabah ("Alsabah"), individually, and on behalf of, OneUp Trader, LLC and its predecessors in interest, successors, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and those acting in privity or concert with them, or on their behalf (collectively "OneUp") implanted itself into TST's training program to gather business intelligence to study TST's business platform and intellectual property, and then it wholesale copied TST's business platform and its copyrighted website content to use on its own website. By using the information it stole from TST's program, and by wholesale copying TST's content, OneUp was able to become immediately competitive in the financial technology field. Rather

1

than expending those resources itself, OneUp rode off of TST's hard work. OneUp's copying and unpermitted uses of TST's information constitutes copyright infringement, fraud, breach of contract, and in the alternative, unjust enrichment.

## PARTIES

1. Plaintiff TopstepTrader, LLC ("TST") is an Illinois limited liability corporation with a principal place of business at 130 South Jefferson St., Ste. 200, Chicago, Illinois 60661. TST was incorporated on July 12, 2012.

2. Upon information and belief, Defendant OneUp Trader, LLC is a Delaware limited liability corporation with a principal place of business at 501 Silverside Rd. Ste. 403, Wilmington, Delaware 19809. OneUp Trader, LLC was incorporated on April 5, 2017.

3. Upon information and belief, Sattam Alsabah is an individual residing in Kuwait City, Kuwait.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over TST's claims because they arise under the Copyright Act, 17 U.S.C. § 101 *et seq.*, because the parties are completely diverse, and the amount in controversy exceeds $75,000. Federal subject matter jurisdiction is therefore conferred by 28 U.S.C. §§ 1331, 1332, and 1338.

5. This Court has supplemental jurisdiction over the Parties' state law claims in this Complaint, which arise under the statutory and common law of the State of Illinois, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims

herein occurred here in this District, Defendants are doing business in this District, and Defendants have promoted infringing goods and services in this District.

7. This Court has personal jurisdiction over Defendants because they have continuous and systematic contacts with the state of Illinois, and because they purposefully directed its activities toward the state of Illinois, causing harm suffered in the state of Illinois, does business in this District, and because this action is based upon activities that arise out of or relate to those contacts.

8. Defendants further consented to the exclusive jurisdiction before this Court in connection with any action arising out of or related to the contract at issue or its subject matter, as well as Defendants' wrongful conduct identified herein and they waived any objection based on lack of personal jurisdiction, place of residence, improper venue or forum non-conveniens in any such action.

## FACTUAL BACKGROUND

9. TST created a novel software that allows individuals interested in trading financial instruments to enter into a simulated market that mirrors the live market, and based on individual performance, to get funded to trade financial instruments on the live market in exchange for a share of the profits.

10. In less than a decade, TST has grown from a few employees to a multi-million-dollar company that is now the worldwide leading provider of its proprietary system for scouting and funding traders.

### A. TST's Patent-Pending Software and Intellectual Property

11. In exchange for a monthly subscription fee, a prospective trader first enters into the Trading Combine®, where the individual will trade financial instruments in a simulated

market mirroring the live market. If the prospective trader successfully stays within the parameters and hits specified benchmarks, they will be placed in Funded Trader Preparation®, where the individual will get accustomed to trading within the same parameters as their live account. If the individual again stays within the parameters, the prospective trader will be placed into a Funded Account™. At this point, the trader and TST then split the profits.

12. This patent-pending technology and software is a one-of-a-kind product that is at the forefront of the field.

13. Because of its innovative technology and process, TopstepTrader has received many accolades, including being named a 2016 FIA Innovator by the Futures Industry Association, was a 2016 Chicago Innovation Awards Finalist, and its founder and CEO, Michael Patak, was also recognized by Ernst & Young as a finalist for its Entrepreneur of the Year Award.

14. TST has been featured in numerous news articles, including by Forbes as a "Techweek Compan[y] To Bet On", and has also appeared in news sources like CNBC, Bloomberg, Fox Business, MarketWatch, Built in Chicago, among others. TopstepTrader was also listed as one of the "101 Best and Brightest Companies to Work For" in 2016 and 2017.

15. TST is the true, rightful, and sole owner of all copyrights and intellectual property at issue in this action, including the copyright listed below, except as otherwise noted, including the website www.topsteptrader.com ("Website") and all content therein.

16. TST's copyright has an application for registration filed with the United States Copyright Office.

17. TST owns Copyright Application No. 1-4001234481, named www.topsteptrader.com. Exh. A.

18. TST has invested substantial time and resources into developing its copyrighted material.

B. *TST's Terms of Use*

19. TST's Website's full content is only available upon request after entering into an agreement to be bound by TST's Terms of Use ("TOU"). A true and correct copy of TST's TOU is attached as Exh. B.

20. At all times relevant hereto, a link to TST's Terms of Use was present on every page of TST's Website.

21. Certain content and features of TST's Website, including a user's access to TST's software, applications, online services, products, and other proprietary content is limited to users who have applied for and registered an account and affirmatively accepted and agreed to be bound by the terms and conditions contained in the TOU agreement.

22. Interested users must provide identifying information to TST (i.e. a user account), and if accepted, in return for a monthly fee and agreement to abide by the terms and conditions of the TOU, TST may issue a unique User ID and password combination.

23. TST's Website's users agree to be bound by the terms and conditions contained in the current version of TST's TOU each time they access and use the TST Website.

24. In relevant part, during 2015 and until September 16, 2016, the TOU ("Original TOU") stated TopstepTrader, LLC ("Company")

> [H]has adopted these Terms of Use ("Terms of Use" or "Agreement") to make you aware of the terms and conditions of your use of the http://www.topsteptrader.com website, any derivative websites on which these Terms of Use are posted and any Content or other services that are offered or provided via the aforementioned websites (collectively, the "Website"). In the event that you purport to be the agent of, represent, or otherwise act on behalf of an entity or any other person, references to "you," "your" or "User" shall include such entity or person in addition to you, and your acceptance of this Agreement shall constitute acceptance on behalf of such entity or person.

5

21427914.1

Company reserves the right, at its discretion to change, modify, add or remove portions of these Terms of Use at any time by posting such chances to this page…[t]he continued use of the Website following the posting of changes to these Terms of Use will constitute your acceptance of those changes."

A true and correct copy of the Original TOU is attached as Exh. C.

25. Subsequently, the Original TOU was modified and the revised TOU ("Revised TOU" or "TOU") was posted at http://www.topsteptrader.com on September 16, 2016. In accordance with its terms, users who had previously accessed and agreed to be bound by the Original TOU, whether in their individual capacity, or on behalf of another individual or entity, and later accessed the TopstepTrader Website, agreed to be and did become bound by the terms and conditions of the Revised TOU each time such users accessed the Website using login credentials issued by TST and continued to pay the ongoing monthly subscription fee in exchange.

26. The Revised TOU states that, "[b]y using our Sites or Services, whether by accessing, creating an account, posting or downloading content or otherwise, you accept and agree to be bound by these Terms." Exh. B, at 2.

27. Additionally, TST has a sign-up page that requires users to certify that they agree to TST's TOU, and TST provides a link to the TOU. Exh. D.

28. The TOU states that users are granted a limited and revocable license to access and use TST's Website, which, among other things, includes various restrictions to that limited license. For instance, the license restrictions state a user "shall not reproduce, distribute, modify, create derivative works of, publicly display, publicly perform, republish, download, store or transmit and of our material," and that a user "shall not access or use for any commercial purposes any part of [TST's] Sites or Services." Exh. B, at 12.

6

29. The TOU also requires users to acknowledge and agree that "[TST's] Sites or Services and their entire contents, features, and functionality (including, all information, software, text, displays, images, video and audio, and the design, selection and arrangement thereof), are owned by TopstepTrader, its licensors or other providers of such material and are protected by United States and international copyright, trademark, patent, trade secret, and other intellectual property or proprietary rights laws and treaties." Exh. B, at 12.

30. The TOU further states that "no portion of [TST's] Sites or Services, their contents or any copyright, trademark, trade name, service mark or any other proprietary information of [TST] displayed on [TST's] Sites or Services…may be reproduced, altered, transmitted, published or distributed, whether electronically [or otherwise]…without the prior written permission of [TST]," and users "agree not to undertake any action that will interfere with or diminish [TST's] right, title or interest in [its] intellectual property." Exh. B, at 12.

31. The TOU also expressly forbids the "use [of] the Sites or Services to gain competitive intelligence about [TST] or the Sites or Services to compete with [TST] or its affiliates." Exh. B, at 15.

32. Users further agree that any "breach of the provisions of this Agreement [will] cause irreparable harm and significant injury," and that "[TST] has the right to enforce the provisions of this agreement by injunction." Exh. B, at 15-16.

33. All users also agree that the TOU shall be "governed by and construed in accordance with the laws of the State of Illinois," and they "irrevocably consent to the exclusive jurisdiction of the courts located in the State of Illinois in connection with any action arising out of or related to these Terms and their subject matter," and further "waive any objection based on

lack of personal jurisdiction, place of residence, improper venue or forum non conveniens in any such action." Exh. B, at 14.

34. As described in greater detail below, Defendants' conduct is in flagrant violation of each of these provisions.

## ONEUP'S MISCONDUCT

35. On information and belief, Defendant Alsabah intended to and did create a competing entity to TST by masquerading as a potential trader purportedly interested in becoming a subscribing TST Website user. All along his purpose was to gather protected and proprietary information to create a competing entity through which he capitalized upon stolen secrets and wrongfully obtained information. The competing entity eventually became known as OneUp Trader, LLC.

36. On information and belief, Alsabah, has at all times relevant herein, acted as an agent of OneUp Trader, LLC with the authority to bind OneUp Trader, LLC and otherwise act on OneUp Trader, LLC's behalf. Alternatively, at all times relevant herein, OneUp Trader, LLC is the alter ego of Alsabah.

37. On information and belief, Alsabah has an ownership interest in and is the creator of OneUp Trader, LLC.

38. In or about September 2015, OneUp, at least through Alsabah, accessed TST's Website and agreed to be bound by the terms and conditions of the Original TOU.

39. In or about Fall 2016 and Spring of 2017, OneUp accessed TST's Website and accepted the TOU by clicking on the box next to the words "Please Accept Terms of Use."

40. After OneUp agreed to the terms of the TOU, in reliance thereon, TST issued user credentials to OneUp.

8

41. Upon information and belief, OneUp and individuals working for or on behalf of OneUp continued to use these and possibly other user credentials to access TST's Website content, software, services, business and proprietary information, which is made available only to users with user credentials who have accepted to be bound by the terms and conditions of the TOU.

42. On information and belief, through the surreptitious conduct of Alsabah, TST authorized OneUp to access the TST Website content, software, services, business and proprietary information for the limited purpose of utilizing the TST Website in accordance with the terms and conditions of the TOU.

43. Since at least 2015, OneUp accessed and used TST's Website through its private user interface.

44. OneUp repeatedly accessed TST's Website content, software, services, business and proprietary information between at least Fall 2016 and Spring 2017.

45. As a result of OneUp's continued use and access of TST's Website and continued payment of the monthly subscription fee through the Spring of 2017, OneUp became bound by the Revised TOU.

46. OneUp wrongfully copied TST's copyrighted content to short-cut product development, and to directly compete with TST by providing a copycat service. Indeed, OneUp even stole the same process as TST in that prospective traders trade on a simulator, and upon satisfying certain profit goals and remaining within certain parameters, get funded with a profit split between the company and the trader.

47. In an effort to deliver its product to its customers faster, and to undercut TST's subscription prices and profit splits, OneUp chose to wrongly copy TST's copyrighted website

material and other proprietary information, rather than invest its own time and resources into developing it.

48. Upon information and belief, and despite agreeing to TST's Terms of Use prohibiting such activity, OneUp implanted its people, including two of its founders, into TST's Website content, software, services, business and proprietary information to gain an unfair competitive advantage by learning the methodologies of TST's business, collecting business intelligence about TST's proprietary business structure and methods, and copying TST's Website content and copyrighted materials, which they have incorporated into OneUp Trader, LLC's business and website.

49. In direct breach of TST's TOU, these individuals and OneUp then used that ill-gotten data and information to develop a copycat platform to TST.

50. Rather than create its own novel website and process, OneUp copied TST's content wholesale, and then tried to hide its direct copying by modifying its content once it was uncovered. Indeed, OneUp even copied many portions of TST's website verbatim, and only changed some of the content after the copying was discovered by TST.

51. Because OneUp copied the information directly, and violated the TOU, it unfairly competed by being able to forgo the costs of developing its own system and content, and was able to short-circuit the time, resources and intellectual capital required to develop the product and system; significant resources that TST expended to start its business. This copying and ill-gotten data and information enabled OneUp to interfere with TST's relationships with current and potential users, in large part by undercutting TST's prices.

52. In fact and by way of example, in OneUp's wholesale copying of the Website, it even used many of TST's trademarks, including numerous instances of exact copying and use of TST's FUNDED ACCOUNT™ trademark. Exh. E.

53. Only after receiving a cease & desist letter from TST, OneUp finally took down some instances of its use of TST's FUNDED ACCOUNT™ trademark, while leaving others, and also made some other changes to mask its copyright infringement. Exh. F.

54. However, OneUp Trader, LLC's website still contained numerous graphs and tables with either no change or *de minimus* changes as compared to TST's website. Exh. F, at 2-3, 6, 9, 12-13, 15. Further, OneUp Trader, LLC's help section contained multiple pages that were copied verbatim from TST's. Exh. F, at 2, 3.

55. Upon receipt of TST's second letter dated May 9, 2017, OneUp made some more revisions to the OneUp Trader, LLC website. However, its website and process are still in breach of TST's TOU.

56. TST sent one final letter on May 31, 2017, however, OneUp chose to ignore TST's demands to stop violating its TOU, and instead OneUp launched a new website on June 12, 2017. Exh. G.

57. Because OneUp is in the same field as TST, and because OneUp had knowledge that TST owned the copyrighted material, its infringement and breach of the TOU is willful.

58. OneUp's actions have resulted in, and will continue to result in, substantial and irreparable harm to TST and consumers.

59. TST has repeatedly requested that OneUp remove TST's copyrighted content from the OneUp Trader, LLC website and cease all business activities in breach of TST's TOU. Exh. H.

60. But OneUp has rejected all of TST's reasonable requests to resolve the matter amicably, so TST was forced to file the instant suit.

## COUNT I
## COPYRIGHT INFRINGEMENT

61. TST incorporates the allegations from the preceding paragraphs as if fully set forth herein.

62. TST has applied for copyright registrations with the United States Copyright Office.

63. TST is the true, rightful, and sole owner of the copyrights in its Website and Website content located at http://www.topsteptrader.com ("Website") pursuant to Copyright Application No. 1-4001234481 which safeguards all protectable TST Website content from unlawful reproduction and use.

64. As previously set forth herein, OneUp had access and opportunity to copy TST's Website and protected Website content.

65. OneUp Trader, LLC's website wrongfully contained content and continues to contain derivative content that is the same and/or substantially similar to TST's protected Website content.

66. An ordinary reasonable person viewing the OneUp Trader, LLC's website as compared with TST's Website would understand that content to be substantially similar. *See e.g.*, Website comparison showing substantially similar content at Exh. I.

67. By its actions alleged above, OneUp has infringed and continues to infringe upon TST's copyrights by copying and willfully reproducing and distributing into the market infringing content with knowledge that they are either direct copies or derivatives of TST's copyrighted website content.

68. OneUp unlawfully obtained and used TST copyrighted content and material without permission or authority and applied it to for the OneUp Trader, LLC website, located at www.oneuptrader.com/how-it-works/.

69. OneUp's acts of copyright infringement have caused and will continue to cause damage to TST, in an amount to be proved at trial.

70. OneUp's conduct was done with intentional, willful and/or reckless, and undertaken with a conscious indifference to TST's rights.

71. By reason of the foregoing, OneUp's wrongful conduct has damaged TST, and caused and continues to cause irreparable harm and injury to TST.

72. TST is additionally entitled to statutory and enhanced damages, attorneys' fees, costs, and injunctive relief.

## COUNT II
## BREACH OF CONTRACT

73. TST incorporates the allegations from the preceding paragraphs as if fully set forth herein.

74. Use of TST's Website, its content including its software as well as use of TST's services are governed by and subject to TST's TOU. Exh. B.

75. TST's users are presented with TST's TOU and must agree to be bound by the terms and conditions of the TOU in order to obtain user credentials and establish an account.

76. At all relevant times, TST also prominently displayed a link to the TOU on TST's homepage.

77. Upon information and belief, OneUp and/or individuals acting for an on OneUp's behalf affirmatively accepted and agreed to be bound by the terms of the Original TOU in

exchange for information on and continuing access and use of TST's Website content, , software, services, business and proprietary information.

78. As set forth above, OneUp and/or individuals acting for and on OneUp's behalf affirmatively accepted and agreed to be bound by the terms of the Revised TOU in exchange for a monthly fee and continuing access to TST's Website content, including use of its software.

79. TST's Original and Revised TOUs are valid and enforceable contracts that are binding on OneUp.

80. With full knowledge of the terms of the TOUs and all of their protections, limitations, and prohibitions against unauthorized use of TST's Website content, including its software, and despite agreeing to abide by the TOUs, OneUp breached the TOUs when OneUp copied TST's Website content and its business platforms and protocols, and used TST's Website and business template for its benefit, without TST's consent.

81. Among other things, OneUp has breached the TOU including but not limited to when OneUp violated the provision that states that a user "shall not reproduce, distribute, modify, create derivative works of, publicly display, publicly perform, republish, download, store or transmit any of our material." Exh. B, at 12.

82. OneUp also breached the TOU when OneUp violated the provision that states that a user "shall not access or use for any commercial purposes any part of [TST's] Sites or Services." Exh. B, at 12.

83. OneUp also breached the TOU when OneUp violated the provision that states that "no portion of [TST's] Sites or Services, their contents or any copyright, trademark, trade name, service mark or any other proprietary information of [TST] displayed on [TST's] Sites or

Services…may be reproduced, altered, transmitted, published or distributed, whether electronically [or otherwise]…without the prior written permission of [TST]." Exh. B, at 12.

84. OneUp breached the TOU when OneUp violated the provision that states that users "agree not to undertake any action that will interfere with or diminish [TST's] right, title or interest in [its] intellectual property." Exh. B, at 12.

85. OneUp further breached the TOU when OneUp violated the provision that expressly forbids it to "use [TST's] Sites or Services [of TST] to gain competitive intelligence about [TST] or the Sites or Services to compete with [TST] or its affiliates." Exh. B, at 15.

86. OneUp has willfully, repeatedly, and systematically breached these, and other provisions, of TST's Original and Revised TOU.

87. TST has performed all conditions, covenants, and promises required of it in accordance with TST's Original and Revised TOU.

88. OneUp's breaches of the TOU have damaged TST, and caused and continues to cause irreparable harm and injury to TST, including direct and consequential damages such as lost profits, lost customers, and loss of goodwill.

89. OneUp's conduct was done with evil motive, was fraudulent, intentional, and/or reckless, and undertaken with a conscious indifference to TST's rights.

90. By reason of the foregoing, OneUp's wrongful conduct has damaged Topstep, and caused and continues to cause irreparable harm and injury to TST, in excess of $75,000.

91. TST is entitled to injunctive relief, compensatory damages, reasonable attorneys' fees, and/or equitable relief.

## COUNT III
## UNJUST ENRICHMENT
### (In the Alternative)

92. TST incorporates the allegations from the preceding paragraphs as if fully set forth herein.

93. TST has conferred a benefit upon OneUp by allowing OneUp to access to and use of TST's Website content, software, services, business and proprietary information.

94. OneUp has benefitted from TST by accessing and using TST's Website content, software, services, business and proprietary information without paying for the same.

95. By accepting and retaining these benefits, and not paying TST for the same, OneUp has been unjustly enriched at TST's expense, thereby damaging TST.

96. By reason of the foregoing, OneUp's wrongful conduct has damaged Topstep, and caused and continues to cause irreparable harm and injury to TST, in excess of $75,000.

## COUNT IV
## FRAUD

97. TST incorporates the allegations from the preceding paragraphs as if fully set forth herein.

98. OneUp knowingly made a misstatement of material fact to TST when, on or about September 13, 2015, OneUp expressed its false intention to abide by the terms of the Original and Revised TOU when OneUp accepted the terms of the Original TOU and set up a User Account on TST's Website in order to gain access to TST's Website content, software, services, business and proprietary information.

99. OneUp intended that TST would rely upon its representations intention to abide by the terms of the Original and Revised TOU.

100. TST did reasonably and justifiably rely on the perceived truth of OneUp's representations that it would abide by the terms of the TOUs when TST granted access to and use of Website content, software, services, business and proprietary information.

101. OneUp, on numerous occasions accessed TST's Website content, software, services, business and proprietary information with the continuing intent to defraud TST and acquire TST's copyrighted and proprietary material. By continuing to access TST's Website content, software, services, business and proprietary information, OneUp continued to falsely reaffirm its agreement to be bound by terms of the TOU.

102. In furtherance of that fraud, OneUp without TST's knowledge, authority or consent wrongfully downloaded, copied, transferred, and/or transmitted TST's Website content, software, services, business and proprietary information and used such Website content, software, services, business and proprietary information in order to harm TST's business interests and to gain an unfair competitive advantage over TST.

103. OneUp's conduct was done with evil motive, was fraudulent, intentional, and/or reckless, and undertaken with a conscious indifference to TST's rights.

104. TST has sustained and will continue to sustain damages as the direct result of its reliance on misrepresentations.

105. OneUp has been unjustly enriched by their fraudulent conduct.

106. By reason of the foregoing, OneUp's wrongful conduct has damaged TST, and caused and continues to cause irreparable harm and injury to TST, in excess of $75,000.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff TopstepTrader, LLC respectfully request that this Court:

1. Enter judgment in favor of TST on each of its claims;

2. Award TST its actual damages against Defendants to be determined at trial;

3. Award TST Defendants' profits from its aforementioned activities;

4. Award TST statutory damages against Defendants;

5. Award TST punitive damages against Defendants;

6. Award TST all of its costs and reasonable attorneys' fees in this action as authorized by 17 U.S.C. § 505 and other applicable laws;

7. Awarding pre- and post-judgment interest at the maximum legal rate and costs;

8. Award TST an accounting for damages and for all the profits together with those profits lost by TST due to the actions of OneUp claimed herein for OneUp's acts of copyright infringement;

9. Preliminarily and permanently enjoin Defendants and their predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concert with them, or on their behalf, from:

   a. Continuing to operate its website and business in direct contravention of TST's TOU;

   b. Utilizing the proprietary knowledge its employees gained while passing through TST's program to design its competing business;

   c. Displaying, copying, distributing, promoting, offering, disseminating, or selling TST's copyrighted materials or any modification, derivation, or reproduction thereof;

        d.      Representing that OneUp has any rights to TST's copyrights, including ownership, license, or any other right;

        e.      Doing and engaging in any of the acts described above and directing OneUp to conform with each and every provision of this prayer for relief; and

10.    Grant to TST such other relief as may be just and warranted under the circumstances.

## JURY DEMAND

Plaintiff TopstepTrader, LLC hereby demands a jury trial on all issues so triable.

Dated: October 6, 2017

Respectfully submitted,

TOPSTEPTRADER, LLC,

By: s/Adam Wolek
Adam Wolek
awolek@taftlaw.com
Brianna M. Skelly
bskelly@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 28th Floor
Chicago, Illinois 60601
Phone: (312) 836-4063
Fax: (312) 966-8598
*Attorneys for Plaintiff TopstepTrader, LLC*

**CERTIFICATE OF SERVICE**

       The undersigned certifies that, on October 6, 2017, he caused this document to be served upon the following counsel of record through electronic mail delivery.

Christopher T. Grohman
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
(312) 499-0118
Email: etgrohman@duanemorris.com

David J. Wolfsohn
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
(215) 979-1866
Email: djwolfsohn@duanemorris.com

                              By:   /s/Adam Wolek
                                         Adam Wolek

21427914.1