**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| TOPSTEPTRADER, LLC, ) | |
| ) | |
| ) | Case Number 17-cv-4412 |
| Plaintiff, ) | |
| ) | Judge: Hon. Harry D. Leinenweber |
| v. ) | |
| ) | |
| ONEUP TRADER, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT ONEUP TRADER, LLC'S[1] MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF TOPSTEPTRADER, LLC'S SECOND
<u>AMENDED COMPLAINT</u>**

David J. Wolfsohn (*admitted pro hac vice*)
djwolfsohn@duanemorris.com
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1000
Fax:    (215) 979-1020

*Attorneys for Defendant,
OneUp Trader, LLC*

---

[1] This motion is on behalf of OneUp Trader, LLC only. Individual Defendant Alsabah has not been served.

## **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND.........................................1

III.    ARGUMENT .................................................................................................4

      A.      Count I (Copyright Infringement) Should Be Dismissed with Prejudice Because, as a Matter of Law, the Two Works Are Not Substantially Similar ................................................................................................... 5

      B.      Count II (Breach of Contract) Should Be Dismissed with Prejudice ................... 9

            1.      Topstep Has Failed to Allege Sufficient Facts from Which It Could Be Concluded that OneUp Accepted its Terms of Use.............................. 9

            2.      Topstep's Terms of Use Are Unenforceable ............................................ 10

      C.      Count III (Unjust Enrichment) Should Be Dismissed with Prejudice Because Topstep Has Failed to Allege Facts Showing That OneUp Received Any Benefit ........................................................................... 16

      D.      Count IV (Fraud) Should Be Dismissed with Prejudice...................................... 17

            1.      Misrepresenting an Intention to Perform Future Conduct Does Not Constitute Fraud......................................................................................... 17

            2.      Topstep Has Failed to Allege Fraud with the Requisite Level of Specificity ................................................................................................. 19

IV.     CONCLUSION..............................................................................................21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*ABM Engr. Services v. Thompson*,
    05 C 7090, 2006 WL 1517776 (N.D. Ill. May 24, 2006) ......................................................19

*Alberto-Culver Co. v. Andrea Dumon, Inc.*,
    466 F.2d 705 (7th Cir. 1972) ................................................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................4-5

*ATC Healthcare Services, Inc. v. RCM Techs., Inc.*,
    192 F. Supp. 3d 943 (N.D. Ill. 2016) ................................................................................14

*Bires v. WalTom, LLC*,
    662 F. Supp. 2d 1019 (N.D. Ill. 2009) ..............................................................................12

*Cohen v. American Sec. Ins. Co.*,
    735 F.3d 601 (7th Cir. 2013) ............................................................................................17

*Culver Franchising Sys., Inc. v. Steak N Shake Inc.*,
    16 C 72, 2016 WL 4158957 (N.D. Ill. Aug. 5, 2016)..........................................................5

*Curtis 1000 v. Suess*,
    843 F. Supp. 441 (C.D. Ill. 1994) ....................................................................................14

*Desnick v. American Broadcasting Cos., Inc.*,
    44 F.3d 1345 (7th Cir. 1995) ............................................................................................18

*DiLeo v. Ernst & Young*,
    901 F.2d 624 (7th Cir. 1990) ............................................................................................17

*Francescatti v. Germanotta*,
    11 CV 5270, 2014 WL 2767231 (N.D. Ill. June 17, 2014) ............................................5, 8

*Francorp, Inc. v. Siebert*,
    210 F. Supp. 2d 961 (N.D. Ill. 2001) ..................................................................................8

*Green Bullion Fin. Servs., LLC v. Money4Gold Holdings, Inc.*,
    639 F. Supp. 2d 1356 (S.D. Fla. 2009) ..............................................................................9

*Haught v. Motorola Mobility, Inc.*,
    12 C 2515, 2012 WL 3643831 (N.D. Ill. Aug. 23, 2012)..................................................18

*Higher Gear Grp. v. Rockenbach Chevrolet Sales, Inc.*,
    223 F. Supp. 2d 953 (N.D. Ill. 2002) ................................................................................15

*Huthwaite, Inc. v. Randstad Gen. Partner (US)*,
  06-C-1548, 2006 WL 3065470 (N.D. Ill. Oct. 24, 2006) ......................................................18

*Jada Toys, Inc. v. Chicago Import, Inc.*,
  07C699, 2008 WL 1722140 (N.D. Ill. Apr. 10, 2008) ..................................................... 18-19

*Joint Commn. on Accreditation of Healthcare Orgs. v. Greeley Co.*,
  14 C 10225, 2016 WL 1450051 (N.D. Ill. Apr. 13, 2016) ............................................. 5, 7-8

*Liautaud v. Liautaud*,
  221 F.3d 981 (7th Cir. 2000) .................................................................................................14

*Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
  975 F. Supp. 2d 920 (N.D. Ill. 2013) ......................................................................................7

*Peters v. West*,
  776 F. Supp. 2d 742 (N.D. Ill. 2011), *aff'd*, 692 F.3d 629 (7th Cir. 2012) .............................9

*Precision Drone, LLC v. Channel Masters, LLC*,
  No. 1:15-cv-00476-LJM-TAB, 2015 WL 3886124 (S.D. Ind. 2015)....................................15

*Pulphus v. Sullivan*,
  No. 02 C 5794, 2003 WL 1964333 (N.D. Ill. April 28, 2003) ...............................................19

*Song v. PIL, L.L.C.*,
  640 F. Supp. 2d 1011 (N.D. Ill. 2009) ...................................................................................16

*Sotelo v. Suburban 171, Inc.*,
  07 C 2447, 2007 WL 2570355 (N.D. Ill. Aug. 29, 2007)................................................17, 20

*Tax Track Sys. Corp. v. New Investor World, Inc.*,
  478 F.3d 783 (7th Cir. 2007) .................................................................................................12

*Tierney v. Advoc. Health and Hosps. Corp.*,
  797 F.3d 449 (7th Cir. 2015) ...................................................................................................5

**Federal Statutes and Rules**

17 U.S.C. § 102(b) ......................................................................................................................7

17 U.S.C. § 301(a) ...........................................................................................................11, 15, 17

Fed. R. Civ. P. 9(b) ...............................................................................................................3, 17, 20

**Other Authorities**

Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 13.03(A)(2)(a)
(Matthew Bender ed. 2015) ....................................................................................6

U.S. Copyright Circular 34, *Copyright Protection Not Available for Names,*
*Titles, or Short Phrases* (2015).................................................................................7

## I.    INTRODUCTION

This is TopstepTrader, LLC's ("Topstep") third attempt at filing a viable complaint.  Yet Topstep continues to ignore many of the required elements of its causes of action, or simply parrots boilerplate elements without alleging any supporting facts.  This is not surprising since this lawsuit is a textbook example of a perversion of the litigation process in an attempt to thwart legitimate competition.  Because Topstep has failed to allege facts plausibly supporting its copyright infringement claim (Count I), breach of contract claim (Count II), unjust enrichment claim (Count III), and fraud claim (Count IV), the Second Amended Complaint should be dismissed in its entirety.  And because this is Topstep's third attempt, it is clear that the facts required to state those claims simply never occurred, and that is why they have not been pled. Since amendment would be futile, the Second Amended Complaint should be dismissed with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Topstep filed its original complaint on June 12, 2017, asserting two claims against defendant OneUp Trader, LLC ("OneUp"): for copyright infringement and breach of contract. At the same time, it filed a motion for a temporary restraining order.  On June 28, 2017, this Court denied the motion.  Among other things, the Court held that the terms of use that Topstep sought to enforce were in effect a broad noncompete that was "likely against public policy and so unenforceable."  June 28, 2017 Mem. Op., Docket No. 17 at pp. 9-10.  And the Court further noted that "a covenant restricting the use of [] widely disseminated, freely available information is likely unenforceable."  *Id.*  The Court did not address the copyright claim because it concluded that Topstep had waived it for purposes of the TRO hearing.

On September 11, 2017, Topstep filed a First Amended Complaint ("FAC") (Docket No. 24), asserting new claims for fraud and violation of the Computer Fraud and Abuse Act, as well

as adding Sattam Alsabah as an individual defendant. Nearly all of Topstep's allegations concerned Alsabah, not OneUp—but Topstep did not allege facts to demonstrate that Alsabah's acts could be imputed to OneUp. For example, Topstep asserted a claim for breach of contract against both Alsabah and OneUp, but it failed to allege any facts that would support a conclusion that OneUp had ever entered into any such contract. Moreover, for its copyright claim, Topstep never identified the work that was allegedly infringed; nor did it explain how OneUp had infringed it. Similarly, for its fraud claim, Topstep failed to identify any fraudulent misrepresentation made by OneUp. Topstep also failed to allege facts supporting the required elements of "damage" and "loss" in support of its Computer Fraud and Abuse Act claim.

OneUp filed a motion to dismiss Topstep's woefully deficient First Amended Complaint on September 25, 2017. Docket No. 27. Among other things, the motion pointed out that Topstep had failed to sufficiently allege facts supporting its Computer Fraud and Abuse claim. *Id.* at 12-14.

With respect to the copyright claim, the motion pointed out that Topstep had failed to describe the allegedly infringed work, failed to attach the deposited work, failed to allege that what was deposited with the Copyright Office was what was infringed, and failed to allege facts from which it could be concluded that OneUp's work is substantially similar to Topstep's. *Id.* at 3-9.

With respect to the breach of contract claim, OneUp's motion to dismiss argued, first, that all the allegations focused on individual defendant Alsabah rather than OneUp, thereby failing to allege facts that would support a contract claim against OneUp. *Id.* at 9-10. Second, OneUp argued that, even if OneUp had allegedly agreed to Topstep's terms of use, those terms were unenforceable under Illinois law since they either constituted an invalid noncompete or an

2

unenforceable confidentiality agreement, as this Court had already opined in its decision denying Topstep's motion for a temporary restraining order. *Id.* at 10-11.

With respect to Topstep's fraud claim, OneUp's motion argued that Topstep had failed to allege facts supporting that count with particularity, as required by Ffeded. R. Civ. P. 9(b). For example, the motion pointed out that the fraud allegations all concerned defendant Sattam Alsabah, and not OneUp. *Id.* at 14-15.

Instead of responding to OneUp's motion, Topstep sought leave to file a second amended complaint on October 2, 2017 (Docket Nos. 29, 30 & 31), which was granted by the Court on October 4, 2017 (Docket No. 32). On October 6, 2017, Topstep filed its Second Amended Complaint ("SAC"). Docket No. 33. Apparently conceding OneUp's argument about the Computer Fraud and Abuse claim, Topstep dropped that count.

With respect to the copyright claim, Topstep attaches for the first time 309 pages of screenshots from its website. SAC, Ex. A. Presumably, Topstep is claiming that these 309 pages are what it deposited with the Copyright Office as its alleged "work" when it filed its application for registration on April 28, 2017. SAC ¶ 17 and Ex. A.[2] Topstep then broadly asserts that OneUp's website is "substantially similar" to Topstep's. *Id.* ¶ 66. But, out of its 300+ pages of content, Topstep alleges infringement of only a handful of insignificant snippets from its Rules, Help, and FAQ sections—amounting to less than one-third of one percent of Topstep's work. *Id.* at Ex. I. As a matter of law, Topstep has failed to allege substantial similarity and on this ground the copyright claim should be dismissed.

---

[2] Although Topstep does not expressly allege that Exhibit A contains Topstep's Copyright Office deposit, we will assume for purposes of this motion only that it does. OneUp's assumption in this motion that other of Topstep's allegations are true should not be deemed as conceding their truth; they are assumed to be true solely in connection with this motion to dismiss, given the applicable standard.

With respect to its breach of contract claim, although Topstep conclusorily alleges that all of Mr. Alsabah's alleged acts are now magically transformed into OneUp's, it still fails—on its third try—to allege any facts that would plausibly support a conclusion that OneUp entered into an enforceable contract in the first place.

As for its fraud claim, despite having the benefit of OneUp's motion to dismiss, Topstep has nonetheless proved itself unable to allege specific conduct on behalf of OneUp that could constitute fraud.

Finally, for the first time, Topstep asserts in its Second Amended Complaint a claim for unjust enrichment. But this claim is just a regurgitation of the other ill-pled claims, and it does not plausibly allege that OneUp received any benefit from viewing Topstep's publicly available website content.

## III.    ARGUMENT

Under the well-settled *Iqbal-Twombly* pleading standard, to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must draw reasonable inferences from the material allegations in the complaint in favor of the non-moving party, a properly pled complaint requires more than mere "labels and conclusions." *Id.* at 678. That is, while courts "must accept as true all of the [factual] allegations contained in a complaint," they need not accept legal assertions included therein. *Id.* "Threadbare recitals of the elements of a

4

cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Tierney v. Advoc. Health and Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015).

Applying this standard, Topstep has failed to state a claim against OneUp for copyright infringement (Count I), breach of contract (Count II), unjust enrichment (Count III), or fraud (Count IV). The Second Amended Complaint should accordingly be dismissed with prejudice.

### A.    Count I (Copyright Infringement) Should Be Dismissed with Prejudice Because, as a Matter of Law, the Two Works Are Not Substantially Similar

To state a claim for copyright infringement, a plaintiff must "plausibly allege that (1) the plaintiff owns a valid copyright; and (2) the defendant copied constituent elements of the work that are original." *Joint Commn. on Accreditation of Healthcare Orgs. v. Greeley Co.,* 14 C 10225, 2016 WL 1450051, at *3 (N.D. Ill. Apr. 13, 2016). The second element of a claim for copyright infringement—that the defendant copied the plaintiff's work—can be met by showing that the two works are "substantially similar," thus permitting an inference that the defendant actually did copy the original. *Id.* at 4. Substantial similarity requires a showing of misappropriation of *protectable* elements of the plaintiff's deposited work. *Culver Franchising Sys., Inc. v. Steak N Shake Inc.*, 16 C 72, 2016 WL 4158957, at *4 (N.D. Ill. Aug. 5, 2016) ("In assessing whether two works are substantially similar, the court 'must first identify which aspects of the plaintiff's work, if any, are protectable by copyright.' The court then analyzes 'whether the allegedly infringing work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the protectable elements of the work.'" (quoting *Nova Design Build, Inc. v. Grace Hotels LLC*, 652 F.3d 814, 817-18 (7th Cir. 2011)). Moreover, the analysis encompasses a quantitative and qualitative component: "the violative work must infringe upon a *substantial portion* of the plaintiff's work." *Greeley,* 2016 WL 1450051, at *3 (emphasis added); *Francescatti v. Germanotta*, 11 CV 5270,

2014 WL 2767231, at *17 (N.D. Ill. June 17, 2014).  As a leading copyright treatise puts it: "The question in each case is whether the similarity relates to matter that constitutes a substantial portion of plaintiff's work—not whether such material constitutes a substantial portion of defendant's work."  Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 13.03(A)(2)(a) (Matthew Bender ed. 2015).

As the sole support for its infringement claim, Topstep attaches to its pleading a "website comparison" that it conclusorily asserts shows "substantially similar content" in OneUp's website.  SAC ¶ 66, Ex. I.  The material on the right-hand side of Exhibit I is a tiny portion of Topstep's website, attached to the Second Amended Complaint as Exhibit A.  Presumably, Topstep is claiming that Exhibit A is the deposited "work," *see, e.g.*, *id.* ¶¶ 17, 62, 63, and 66, consisting of screen shots of 309 pages of Topstep's website.  *Id.* at Ex. A.  But Topstep points to only five snippets from its Rules, Help, and FAQ sections—constituting a small fraction of five pages—as the allegedly infringed content.  *Id.* ¶ 66, Ex. I.  This alleged infringement falls far short of substantial similarity.

The first two pages of Exhibit I compare OneUp's "Evaluation Rules & Parameters" page with Topstep's "Trading Combine Rules" page.  OneUp's page contains a heading, six sentences and a large table consisting of six columns and six rows.  The only overlap in terminology may be found in OneUp's "Trade a minimum of 15 days" as compared to Topstep's "Trade a minimum of 10 days"; OneUp's "Trade permitted products and times" as compared to Topstep's "Only trade during permitted times"; and OneUp's "Do not hit or exceed the Daily Loss Limit" as compared to Topstep's "Do not hit or exceed the Daily Loss Limit."  The second and fifth pages of Exhibit I show similarly limited overlap in word choice.

Page 3 of Exhibit I has no textual overlap other than the words "you may reset your" and "I reset my account."

On page 4 of Exhibit I, the only overlap is four of the names of rows in the table: "Max Position Size," "Daily Loss Limit," "Max Drawdown," and "Profit Target." The rest of the text on this page—over 100 words—is completely different, as are the graphics.

In sum, only two short sentences in these five pages—"Do not hit or exceed the Daily Loss Limit" and "Do not allow the Account Balance to hit or exceed the Trailing Max Drawdown"—eight words on page 3, and ten words in four row headings on page 4 overlap.

The first question in any infringement analysis is whether the plaintiff's content is protectable under the Copyright Act. *Greeley,* 2016 WL 1450051, at *3. "Processes" and "methods" are expressly excluded from protection under the Act. 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."). Yet, by its own admission, Topstep's website comparison in Exhibit I refers to unprotectable processes and methods. *E.g.,* SAC ¶ 46 (referring to OneUp as having "stole[n] the same process" as Topstep); ¶ 48 (referring to OneUp copying Topstep's "methodologies" and "business structure"); ¶ 50 (referring to OneUp copying Topstep's "process"). These snippets are not protectable under the Copyright Act because they are processes and methods.

Likewise, the Copyright Act does not protect titles, short phrases, or expressions. *See* U.S. Copyright Circular 34, *Copyright Protection Not Available for Names, Titles, or Short Phrases* (2015) ("Even if a name, title, or short phrase is novel or distinctive or lends itself to a play on words, it cannot be protected by copyright."); *see also Personal Keepsakes, Inc. v.*

*Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 925 (N.D. Ill. 2013) ("It [has] been

established that short phrases and expressions ... are not protected by copyright" (internal

quotation marks omitted)); *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th

Cir. 1972) ("text [that] is merely a short phrase or expression . . . hardly qualifies as an

appreciable amount of original text" (internal quotation marks omitted)).  To the extent that

Topstep is alleging that short phrases such as "max drawdown" were copied, those short phrases

are unprotectable.  Accordingly, because Topstep has failed to plausibly allege that OneUp

copied *protectable expression* in the first place, Topstep's copyright claim should be dismissed.

*See, e.g.*, *Francorp, Inc. v. Siebert*, 210 F. Supp. 2d 961, 965 (N.D. Ill. 2001) (in evaluating

whether a work been infringed, "the question is not whether [the subject work] contained any

original expression, but whether the [defendant] copied protectable parts of that expression or

merely used the same underlying [facts or] ideas").

     Moreover, to be substantially similar, the infringement must be of a quantitatively and

qualitatively substantial portion of the plaintiff's work.  *See, e.g.*, *Greeley,* 14 C 10225, 2016 WL

1450051, at *3; *Francescatti v. Germanotta*, 11 CV 5270, 2014 WL 2767231, at *17 (N.D. Ill.

June 17, 2014).  Topstep's Exhibit I shows that, as a matter of law, any copying is insubstantial

whether considered quantitatively or qualitatively.  The two sentences, stray words, and four row

labels add up to less than one page total of content.  That is less than one-third of one percent of

the 309 pages of Topstep's website attached as Exhibit A to its Second Amended Complaint.

This indisputably "minimal degree of [alleged] duplication" cannot be considered "a

reproduction of a [quantitatively] substantial portion of [Topstep's] work."  *Greeley*, 2016 WL

1450051, at *7 (dismissing copyright infringement claim where "[t]wo out of 742 pages (.27%)

of [copyrighted text] have been allegedly infringed").  Indeed, courts have found much larger

percentages of overlap to still be insufficient. *See, e.g., Green Bullion Fin. Servs., LLC v. Money4Gold Holdings, Inc.*, 639 F. Supp. 2d 1356, 1362 (S.D. Fla. 2009) (defendant's three-page websites, even if they were similar to the plaintiff's site, were too insignificant a portion of defendant's 43-page website to be substantially similar).

Furthermore, by Topstep's own admission, the substantive core of its website is its trader training program, which "allows individuals interested in trading financial instruments to enter into a simulated market that mirrors the live market, and based on individual performance, to get funded to trade financial instruments on the live market in exchange for a share of the profits." SAC ¶ 9. It is therefore totally implausible that the smattering of material found on isolated pages is of substantial significance qualitatively. *See, e.g.*, *Peters v. West,* 776 F. Supp. 2d 742, 751–52 (N.D. Ill. 2011), *aff'd*, 692 F.3d 629 (7th Cir. 2012) (defendant's song was not substantially similar to plaintiff's song where "[t]he only smaller fragments that are copied literally are the words 'don't kill me make me stronger,' 'wronger,' 'wait no longer,' and 'Kate Moss,' which do not have readily recognizable qualitative significance in relation to the plaintiff's work as a whole.").

Because Topstep does not plausibly allege facts showing substantial similarity between OneUp's website and a substantial, protectable portion of Topstep's website, Count I should be dismissed.

**B.**     **Count II (Breach of Contract) Should Be Dismissed with Prejudice**

**1.**     **Topstep Has Failed to Allege Sufficient Facts from Which It Could Be Concluded that OneUp Accepted its Terms of Use**

Topstep's breach of contract claim is based entirely on the alleged agreement by OneUp, "at least through Alsabah," to certain website terms of use. *See* SAC ¶ 38 ("In or about September 2015, OneUp, at least through Alsabah, accessed TST's Website and agreed to be

bound by the terms and conditions of the Original TOU"); ¶ 77 ("OneUp and/or individuals acting for an[d] on OneUp's behalf affirmatively accepted and agreed to be bound by the terms of the Original TOU in exchange for information on and continuing access and use of TST's Website content, software, services, business and proprietary information"); ¶ 78 ("OneUp and/or individuals acting for and on OneUp's behalf affirmatively accepted and agreed to be bound by the terms of the Revised TOU in exchange for a monthly fee and continuing access to TST's Website content, including use of its software."); ¶ 80 ("With full knowledge of the terms of the TOUs and all of their protections, limitations, and prohibitions against unauthorized use of TST's Website content, including its software, and despite agreeing to abide by the TOUs, OneUp breached the TOUs").

As a threshold matter, Topstep's claim fails under the *Iqbal/Twombly* standard because it attributes conduct to OneUp dating from September 2015.  As the Court made clear in its Memorandum Opinion and Order denying the TRO, "for it to be plausible that OneUp Trader breached Alsabah's contract, TopstepTrader at least needs to establish that Alsabah's action in 2015 could bind OneUp Trader in 2017."  June 28, 2017 Mem. Op., Docket No. 17 at 8.  Although Topstep conclusorily alleges that Alsabah's alleged conduct was performed on behalf of OneUp (e.g., SAC ¶¶ 38, 77), Topstep tellingly fails to allege when OneUp came into existence—despite the Court's flagging of this issue in its opinion denying Topstep's motion for a TRO.  Without alleging when OneUp came into existence, Topstep's allegations concerning Alsabah cannot be imputed to OneUp.  Accordingly, Topstep has failed to allege facts from which it could be plausibly concluded that OneUp agreed to any of Topstep's terms of use.

### 2.    Topstep's Terms of Use Are Unenforceable

Topstep's breach of contract claim also fails for additional reasons.  First, while the latest iteration of the claim avoids using the terms "confidentiality agreement" or "restrictive

covenant," the claim—like its two predecessors—is largely based on the theories that OneUp breached the confidentiality agreement and restrictive covenant portions of the Terms of Use. SAC ¶¶ 80-85. But these provisions are unenforceable. Furthermore, to the extent that Topstep's allegations are reformulated versions of its copyright infringement claim (*see, e.g.*, *id.* ¶¶ 81, 83), the allegations are preempted by 17 U.S.C. § 301(a) and are also insufficient for the reasons articulated in Section III.A. above.

In its First Amended Complaint, Topstep characterized those terms of use that it claimed OneUp had violated as either confidentiality terms or noncompete provisions. FAC ¶¶ 31, 32 & FAC's Ex. A. While Topstep's Second Amended Complaint no longer uses the term "confidentiality agreement," the conduct alleged in paragraphs 80, 81, 83, and 84 corresponds directly with same provisions that Topstep previously characterized in the First Amended Complaint's paragraph 31 as a confidentiality agreement. *See* SAC ¶ 80 ("OneUp breached the TOUs when OneUp copied TST's Website content and its business platforms and protocols, and used TST's Website and business template"); ¶ 81 ("OneUp has breached the TOU . . . when OneUp violated the provision that states that a user 'shall not reproduce, distribute, modify, create derivative works of, publicly display, publicly perform, republish, download, store or transmit any of our material'"); ¶ 83 ("OneUp violated the provision that states that 'no portion of [TST's] Sites or Services, their contents or any copyright, trademark, trade name, service mark or any other proprietary information of [TST] displayed on [TST's] Sites or Services…may be reproduced, altered, transmitted, published or distributed, whether electronically [or otherwise]…without the prior written permission of [TST].'") ¶ 84 ("OneUp breached the TOU when OneUp violated the provision that states that users 'agree not to undertake any action that will interfere with or diminish [TST's] right, title or interest in [its] intellectual property.'").

Indeed, in the First Amended Complaint, Topstep expressly referred to this conduct as "breach[ing] the Confidentiality Agreement of the TOU Agreement." *See* FAC ¶ 58. Because the confidentiality provisions are void and unenforceable as a matter of law, Topstep's breach of contract claim based on those corresponding provisions fails as a matter of law.

The confidentiality terms were not present in the Original TOU, which Topstep alleges OneUp accepted in September 2015 when it "accessed TST's Website and agreed to be bound." SAC ¶ 38 and Ex. C. They were added when the terms of use allegedly changed on September 16, 2016. *Id.* ¶¶ 24-26 (noting that before September 16, 2016, Topstep used the terms of use attached as Exhibit C to the Second Amended Complaint, *not* the terms of use attached as Exhibit B). While Topstep now contends that "users who had previously accessed and agreed to be bound by the Original TOU . . . and later accessed the TopstepTrader Website, agreed to be and did become bound by the terms and conditions of the Revised TOU each time such users accessed the Website using login credentials issued by TST and continued to pay the ongoing monthly subscription fee in exchange" (*id.* ¶ 25), nowhere does Topstep plausibly allege that sufficient new consideration was exchanged in support of the new confidentiality provisions. This lack of consideration renders the confidentiality provisions void. *See, e.g.*, *Bires v. WalTom, LLC*, 662 F. Supp. 2d 1019, 1039 (N.D. Ill. 2009) ("the contract is null and void because it lacks consideration"). Accordingly, to the extent Topstep's breach of contract claim is based on confidentiality-type provisions, the claim fails as a matter of law.

Moreover, confidentiality agreements are only enforceable if the information "sought to be protected is actually confidential and reasonable efforts were made to keep it confidential." *Tax Track Sys. Corp. v. New Investor World, Inc.*, 478 F.3d 783, 787 (7th Cir. 2007). Nowhere in the Second Amended Complaint does Topstep allege that any confidential information that

was kept as confidential by Topstep has been used by OneUp.  Rather, the pleading demonstrates that the entire Topstep website is available to anyone with access to the Internet.  Indeed, nowhere in Exhibit A—which Topstep alleges constitutes its website—is the viewer *required* to agree to Topstep's terms of use.  The website simply does not put the user on notice that "it was assenting to those terms by accessing the website."  TRO Opinion, Docket No. 17 at 8.  This means that anyone can access Topstep's website and view its content without any obligation— without having to agree to Topstep's terms of use.  Accordingly, any purported agreement to abide by the terms of use would lack consideration, since the person agreeing to them would be getting nothing more than what every other Internet user can get without any such obligation. *See also* Docket No. 17 at 10 ("But a covenant restricting the use of such widely disseminated, freely available information is likely unenforceable.").

The rest of the terms of use that Topstep claims OneUp violated are essentially restrictive covenants that are also unenforceable under Illinois law.  In the First Amended Complaint, Topstep explained that the "TOU Agreement also contains a restrictive covenant" and it quoted at length those provisions.  FAC ¶ 32 and Ex. A.  While Topstep now assiduously avoids using the term "restrictive covenant" in its Second Amended Complaint, it refers to the same terms of use that it previously characterized as a "restrictive covenant."  SAC ¶ 82 ("OneUp also breached the TOU when OneUp violated the provision that states that a user 'shall not access or use for any commercial purposes any part of [TST's] Sites or Services.'"); ¶ 85 ("OneUp further breached the TOU when OneUp violated the provision that expressly forbids it to 'use [TST's] Sites or Services [of TST] to gain competitive intelligence about [TST] or the Sites or Services to

compete with [TST] or its affiliates.'"). These provisions are unenforceable—as OneUp explained in its motion to dismiss the First Amended Complaint. Docket No. 27.

First, it is axiomatic that restrictive covenants, or noncompetes, require consideration. *ATC Healthcare Services, Inc. v. RCM Techs., Inc.*, 192 F. Supp. 3d 943, 960 (N.D. Ill. 2016) ("For a . . . non-compete clause to be enforceable in Illinois, it must be supported by adequate consideration."); *Curtis 1000 v. Suess*, 843 F. Supp. 441, 446-47 (C.D. Ill. 1994) (discussing the importance of adequate consideration). Topstep fails to allege that it provided OneUp with any consideration for allegedly entering into the restrictive covenant type of terms of use. Nor could access to the website constitute consideration since, as noted, all of Exhibit A is plainly available to anyone with Internet access without having to agree to the terms of use.

Second, as this Court has already noted, Topstep's restrictive covenant terms of use are "without any geographic or temporal limit on OneUp Trader's ability to compete with TopstepTrader (or its affiliates)." Docket No. 17 at 9-10. Such restrictive covenants are unenforceable as being against public policy. *Liautaud v. Liautaud*, 221 F.3d 981, 987-88 (7th Cir. 2000) (noting that Illinois courts "generally have refused to enforce noncompetition agreements that do not limit the duration of the restriction"). Although Topstep was made aware of this defect in its claim during the TRO hearing and in the Court's opinion, and yet again in OneUp's motion to dismiss its First Amended Complaint, Topstep has done nothing to cure it. While it belatedly abjures use of the terms "restrictive covenant" and "noncompete" in the Second Amended Complaint, the substance of the allegedly breached terms has not changed.

Moreover, to be enforceable, a covenant not to compete must secure a "protectable interest of the employer, such as a trade secret." *Curtis*, 24 F.3d at 944 (internal quotation marks and citations omitted). Although this issue, too, was highlighted in the Court's opinion denying

Topstep's motion for a temporary restraining order, and again in OneUp's motion to dismiss the First Amended Complaint, Topstep has failed to plausibly allege that OneUp has misappropriated any trade secrets, and has even failed to allege that anything used by OneUp is not available to the billions of people on the planet with Internet access. In fact, the latest complaint makes it clear that what Topstep claims has been used by OneUp is all publicly available information. *See* SAC, Exs. A and I; *see also id.* ¶ 50 (alleging that OneUp's website uses trading processes disclosed on Topstep's website); ¶ 52 (alleging that OneUp used Topstep's trademarks); ¶ 54 (alleging that OneUp's website contains graphs and tables from Topstep's website). Topstep has therefore failed to allege facts from which it can reasonably be concluded that terms of use it previously labeled as "restrictive covenants" are enforceable.

Furthermore, the terms of use cited in paragraphs 81 and 83 are also unenforceable because the rights they seek to enforce are equivalent to the exclusive rights within the general scope of copyright—limits on reproduction, public display, and making derivative works—and they are therefore preempted under Section 301(a) of the Copyright Act. *See* 17 U.S.C. § 301(a) (The Copyright Act preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103."); *see also Higher Gear Grp. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 958 (N.D. Ill. 2002) ("The Court . . . will preempt [plaintiffs'] breach of contract claim to the extent that they intend to show that the licensing agreement prohibited unauthorized copying and creation of derivative products."); *Precision Drone, LLC v. Channel Masters, LLC*, No. 1:15-cv-00476-LJM-TAB, 2015 WL 3886124, *2 (S.D. Ind. 2015) ("the breach of contract claims are preempted by the Copyright Act because the

allegations of breach are based on nothing more than the act of infringement"). For all of these reasons, the breach of contract claim against OneUp fails to state a claim and it should therefore be dismissed with prejudice.

C. **Count III (Unjust Enrichment) Should Be Dismissed with Prejudice Because Topstep Has Failed to Allege Facts Showing That OneUp Received Any Benefit**

To state a claim for unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Song v. PIL, L.L.C.*, 640 F. Supp. 2d 1011, 1015–16 (N.D. Ill. 2009). Topstep's claim fails at the outset because it does not plausibly allege that OneUp received (and retained) any benefit.

In its Second Amended Complaint, Topstep summarily asserts that "TST has conferred a benefit upon OneUp by allowing OneUp access to and use of TST's Website content, software, services, business and proprietary information" (SAC ¶ 93) and that "OneUp has benefitted from TST by accessing and using TST's Website content, software, services, business and proprietary information without paying for the same" (*id.* ¶ 94). But the Second Amended Complaint does not allege that OneUp has used anything that is not available to the general public. Indeed, the Second Amended Complaint attaches as Exhibit A Topstep's website, and Exhibit A is clearly publicly available—and does not require agreement to terms of use before viewing it or using it. While Topstep does allude vaguely at a number of points in its Second Amended Complaint to content that is not available to the general public, it does not identify any such specific content, or allege that such nonpublicly available content was used by OneUp. Topstep has therefore failed to allege facts from which one could conclude that it was plausible that OneUp obtained any benefit from Topstep's website.

16

Moreover, to the extent that Topstep is alluding to some purported benefit related to OneUp's alleged copyright infringement, that claim would be preempted by Section 301(a) of the Copyright Act.  *See* discussion above at page 15.  Because Topstep makes only conclusory allegations of unjust enrichment and fails to allege facts supporting any such claim, the unjust enrichment claim should be dismissed with prejudice.

### D.    Count IV (Fraud) Should Be Dismissed with Prejudice

Pursuant to Fed. R. Civ. P. 9(b), claims of fraud must be pled with particularity, including allegations that cover the "who, what, when, where, and how" of the alleged fraud.  *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990).  To plead common law fraud, a plaintiff must allege that the defendant made "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement."  *Cohen v. American Sec. Ins. Co.,* 735 F.3d 601, 613 (7th Cir. 2013); *Sotelo v. Suburban 171, Inc.*, 07 C 2447, 2007 WL 2570355, at \*3 (N.D. Ill. Aug. 29, 2007).

Topstep's fraud claim centers on its conclusory allegation that "OneUp knowingly made a misstatement of material fact to TST when, on or about September 13, 2015, OneUp expressed its false intention to abide by the terms of the Original and Revised TOU when OneUp accepted the terms of the Original TOU and set up a User Account on TST's Website."  SAC ¶ 98.  Not only has Topstep failed to allege fraud with the level of specificity required by Rule 9(b), but the conduct Topstep does allege does not constitute fraud as a matter of law.

### 1.    Misrepresenting an Intention to Perform Future Conduct Does Not Constitute Fraud

Topstep's fraud claim fails because the conduct alleged does not constitute fraud as a matter of law.  In Illinois, "misrepresenting an intention to perform future conduct, even if made

without a present intention to perform, does not constitute fraud." *Jada Toys, Inc. v. Chicago Import, Inc.*, 07C699, 2008 WL 1722140, at *1 (N.D. Ill. Apr. 10, 2008).  While Illinois courts have recognized an exception to this rule where "the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud," Topstep's allegations involving a single "misstatement of material fact" plainly do not suffice.  *Id.*

"To survive a motion to dismiss, a claimant relying on a theory of promissory fraud must . . . aver specific, objective manifestations of fraudulent intent—of a scheme or device to defraud." *Haught v. Motorola Mobility, Inc.*, 12 C 2515, 2012 WL 3643831, at *7 (N.D. Ill. Aug. 23, 2012).  Such objective manifestations of a fraudulent scheme or device may be evident where alleged conduct is "particularly egregious" or "embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy." *Desnick v. American Broadcasting Cos., Inc.*, 44 F.3d 1345, 1354 (7th Cir. 1995). Here, even when viewed in the light most favorable to Topstep, the Second Amended Complaint does not come close to alleging the requisite egregious conduct or pattern of deceptions by or on behalf of OneUp.

Instead, Topstep has alleged a single false "promise"—i.e., that "on or about September 13, 2015, OneUp expressed its false intention to abide by the terms of the Original and Revised TOU" (SAC ¶ 98)—which Topstep maintains that it "reasonably and justifiably rel[ied] on . . . when [it] granted access to and use of Website content, software, services, and business and proprietary information" (*id.* ¶ 100).  Even taken as true, OneUp's purported conduct cannot be considered "egregious," as that label is reserved for only the most outrageous and heinous behavior.  *Compare Huthwaite, Inc. v. Randstad Gen. Partner (US)*, 06-C-1548, 2006 WL 3065470, at *4 (N.D. Ill. Oct. 24, 2006) (allegation that plaintiff falsely promised "that if

18

allowed into [defendant's] property (here, [defendant's] proprietary information instead of its physical premises), it would not use anything it learned," then proceeded to sue defendant based on what it learned, was "not particularly egregious"), *with Pulphus v. Sullivan,* No. 02 C 5794, 2003 WL 1964333, at *1-*5, *19 (N.D. Ill. April 28, 2003) (inducing elderly plaintiff to take out two mortgages to remodel her home, forging her signature on documents, and doing minimal work while pocketing $75,000 was sufficiently egregious to fall within the exception to the rule).

Moreover, while Topstep states that "[b]y continuing to access TST's Website content, software, services, business and proprietary information, OneUp continued to falsely reaffirm its agreement to be bound by the terms of the TOU" (SAC ¶ 101), this statement does not overcome the fact that Topstep has alleged, at best, "only one objective manifestation" of a false promise to perform future conduct. This is far from the pattern of egregious deceptions necessary to survive a motion to dismiss. *See Jada Toys,* 2008 WL 1722140, at *1 (granting motion to dismiss where claimant alleged "one [false] representation and a series of acts over seven years in reliance on that representation"). "Illinois law does not allow a claimant to proceed on a promissory fraud claim based solely on a [single] misrepresentation of intention to perform future conduct," and that is all Topstep has alleged. *Id.*; *see also ABM Engr. Services v. Thompson*, 05 C 7090, 2006 WL 1517776, at *2-3 (N.D. Ill. May 24, 2006) (dismissing promissory fraud claim where "[p]laintiff merely allege[d] a violation of an oral promise to pay outstanding invoices . . . [but did not] include other acts of trickery compounding the initial misrepresentations, nor the suggestion that Defendants perpetrated fraud on a regular basis.").

### 2. Topstep Has Failed to Allege Fraud with the Requisite Level of Specificity

Topstep was required to "establish 'that defendants, with the intent to induce plaintiffs to act, made a false statement of material fact which defendants knew or believed to be false,' and

that the plaintiff 'justifiably relied on the statement and suffered damages resulting from that reliance.'" *Sotelo*, 2007 WL 2570355, at *3 (quoting *Assoc. Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 852 (7th Cir. 2007)). But, rather than pleading specific facts supporting the "who, what, when, where, and how" of OneUp's purportedly fraudulent conduct, Topstep's reliance on that conduct, and Topstep's damages arising from that conduct, Topstep simply recites the boilerplate elements of a common law fraud claim. Topstep's barebones allegations are deficient under both Rule 9(b) and the *Iqbal/Twombly* plausibility standard.

Topstep asserts that "OneUp knowingly made a misstatement of material fact to TST when, on or about September 13, 2015, OneUp expressed its false intention to abide by the terms of the Original and Revised TOU." SAC ¶ 98. But, as addressed above, Topstep does not even allege that OneUp existed as a company in 2015. It is therefore not plausible that OneUp—or anyone acting on behalf of OneUp—"knowingly made a misstatement of material fact" at that time. Furthermore, while Topstep alleges that it "did reasonably and justifiably rely on the perceived truth of OneUp's representations that it would abide by the terms of the TOUs" (*id.* ¶ 100), the pleading does not allege which particular Topstep employee or agent reviewed and relied upon OneUp's purported misstatement. And, while Topstep asserts that it granted OneUp "access to and use of Website content, software, services, business and proprietary information" (*id.*), nowhere in the pleading does Topstep identify the substance of this "content, software, services, business and proprietary information." With regard to the snippets of the website that Topstep alleges were copied by OneUp, Topstep does not allege how it could have been harmed by such alleged copying—especially given the fact that everyone with Internet access in the world has unencumbered access to that same material. Topstep has failed to allege harm with particularity, perhaps because the notion that Topstep has been somehow harmed by OneUp's

access to Topstep's publicly available website is simply implausible. Because Topstep has failed to plead its fraud claim with the requisite specificity, the claim should be dismissed.

## IV.    CONCLUSION

This is Topstep's third attempt at filing a viable complaint. It is obvious that it lacks the facts needed to state a claim for copyright infringement, breach of contract, unjust enrichment, or fraud. Accordingly, the Second Amended Complaint should be dismissed with prejudice.


Dated:  October 27, 2017                ONEUP TRADER, LLC


By:___David J. Wolfsohn___
David J. Wolfsohn (*admitted pro hac*)
djwolfsohn@duanemorris.com
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1000
Fax:    (215) 979-1020

*Attorneys for Defendant OneUp Trader, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of October, 2017 I caused a true and correct copy of

the foregoing document to be served via CM/ECF on the below counsel of record:

> Brian T. Noack, Esquire
> Adam Wolek, Esquire
> Taft Stegginius & Hollister, LLP
> 111 East Wacker Drive, Suite 2800
> Chicago, IL 60601

> /s/ David J. Wolfsohn
> David J. Wolfsohn

22