## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TOPSTEPTRADER, LLC | |
| Plaintiff, | No. 1:17-cv-4412 |
| v. | Judge Harry D. Leinenweber |
| ONEUP TRADER, LLC, and SATTAM ALSABAH, | **MOTION FOR RECOGNITION OF PROPER SERVICE, OR ALTERNATIVELY, MOTION FOR SERVICE BY EMAIL** |
| Defendants. | |

Plaintiff TopstepTrader, LLC ("Topstep") respectfully requests the Court find that Sattam Alsabah was served through his counsel and because has actual notice of the suit, or alternatively, pursuant to Federal Rule of Civil Procedure 4(f)(3), grant Topstep's Motion for Alternative Service to serve Mr. Alsabah by email and/or Twitter.

### FACTUAL BACKGROUND

1.      On October 6, 2017, Topstep filed its Second Amended Complaint which was served on counsel for OneUp Trader, LLC ("OneUp") electronically. *See* Second Am. Compl. 20, ECF No. 33.

2.      Topstep emailed counsel for OneUp on three occasions asking whether he also represented Mr. Alsabah. Ex. A. OneUp's counsel did not respond to any of these emails.

3.      On October 31, 2017, Adam Wolek, counsel for Topstep, and David Wolfsohn, counsel for OneUp, appeared at a status hearing before the Court. *See* Min. Entry 1, ECF No. 38; Ex. B (Decl. of A. Wolek). At this hearing, Mr. Wolfsohn indicated he represented both OneUp and Mr. Alsabah.

4.      Pursuant to the Court's Minute Order (ECF No. 38), Topstep served a single interrogatory to Mr. Wolfsohn and Christopher Grohman, additional counsel for OneUp, by email.

*See* Ex. B (Decl. of A. Wolek).   OneUp served its Response and Objections to Topstep's Interrogatory (the "Response") by email on November 7, 2017.  *See* Ex. B (Decl. of A. Wolek); Ex. C at 3 (Resp. & Objs. to Pl.'s Interrog.).

5.     That same day, Topstep emailed counsel for OneUp, requesting it provide a complete answer to Topstep's interrogatory.  Not reaching resolution via email, Topstep subsequently requested to meet and confer with counsel for OneUp.  *See* Ex. B (Decl. of A. Wolek); Ex. D.

6.     On November 7, 2017 at 4:00 p.m. CST, Mr. Wolek, Zachary Clark, and Sanna-Rae Taylor participated in a conference call with Julie Latsko, additional counsel for OneUp, and Mr. Wolfsohn (the "conference call") regarding OneUp's incomplete interrogatory response.  *See* Ex. B (Decl. of A. Wolek); Ex. E (Decl. of Z. Clark); Ex. F (Decl. of S. Taylor).

7.     During the conference call, Mr. Wolek asked Mr. Wolfsohn, "Are you representing Sattam Alsabah?"  In response, Mr. Wolfsohn stated, "Yes."  *See* Exs. B, E, F (Decls. of A. Wolek, Z. Clark, S. Taylor).

8.     Immediately following this question and response, Mr. Wolek asked Mr. Wolfsohn, "So we cannot contact Sattam Alsabah because you are representing him?"  In response, Mr. Wolfsohn stated, "Yes."  *See* Exs. B, E, F (Decls. of A. Wolek, Z. Clark, S. Taylor).

9.     After the call, and relying upon Mr. Wolfsohn's statement, counsel for Topstep emailed Mr. Wolfsohn, Ms. Latsko, and Mr. Grohman, stating:

> Mr. Wolfsohn,
>
> As you have confirmed on today's call that you represent Sattam Alsabah, Rule 5(b)(1) (and Rule 1) of the Federal Rules of Civil Procedure require service on you as his attorney. *See* FRCP 5(b)(1); FRCP 1. You, and thus your client Sattam Alsabah, were served electronically on October 6, 2017. However, in the event your representation of Mr. Alsabah began on October 31, 2017, Mr. Alsabah's Answer is due on November 21, 2017.

*See* Ex. G.

## I.    Mr. Alsabah Was Served Through His Counsel and Because He Has Actual Notice of the Suit.

Topstep respectfully requests the Court find that Sattam Alsabah was sufficiently served through his attorney, Mr. Wolfson, at latest November 7, and because Mr. Alsabah has actual notice of this suit.  The Federal Rules of Civil Procedure recognize that parties can be served pleadings through their attorneys.  For instance, FRCP 5(b)(1) provides, "If a party is represented by an attorney, ***service under this rule must be made on the attorney*** unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1) (emphasis added).  Indeed, the purpose of service is to provide notice of a suit to a defendant. *U.S. for Use of Tanos v. St. Paul Mercury Ins.*, 361 F.2d 838, 842 (5th Cir. 1966) ("The purpose of service of process being notice to the parties involved….").     During a meet-and-confer on November 7 about OneUp's insufficient interrogatory response, Topstep's counsel asked Defendants' counsel, "Are you representing Sattam Alsabah?," and in response, Mr. Wolfsohn stated, "Yes."  Ex. B at 2 (Decl. of A. Wolek); Ex. E (Decl. of Z. Clark); Ex. F (Decl. of S. Taylor); *and see In re Herman*, 737 F.3d 449, 451 (7th Cir. 2013) (affirming district court's holding that bankruptcy creditor was properly served when notice of bankruptcy was delivered to creditor's attorney).  During that same conference call when asked by counsel for Topstep, "So we cannot contact Sattam Alsabah because you are representing him?," Mr. Wolfsohn stated, "Yes."  *Id.*  Mr. Wolfsohn's two conference call admissions aligned with his October 31 hearing concessions that he represented Mr. Alsabah.[1]  Ex.

---

[1] During the October 31 hearing David Wolfsohn also alluded that Sattam Alsabah may challenge the Court's personal jurisdiction over him.  However, challenging personal jurisdiction is an issue separate from service on a party, the latter of which relates to providing a defendant with notice of a lawsuit, which as explained herein, has been provided to Sattam Alsabah.  Personal jurisdiction, on the other hand, relates to whether a court has power to rule over a defendant.

B at 1 (Decl. of A. Wolek). After the conference call, counsel for Topstep emailed Mr. Alsabah's counsel and reiterated that they sought service through counsel because that would provide Mr. Alsabah notice of the suit. *See* Ex. G; *Herman*, 737 F.3d at 451 (7th Cir. 2013) (finding service on attorney sufficient); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988) ("… [T]he requirements of the rules of procedure should be liberally construed and … 'mere technicalities' should not stand in the way of consideration of a case on its merits."). Because (a) service on a represented party's attorney provides a defendant notice of a suit, and (b) Mr. Wolfsohn stated he represented Mr. Alsabah, service of the complaint was effective when it was filed and served on Mr. Alsabah's counsel on October 6, 2017, on October 31 (the date of Mr. Wolfsohn's representation to the Court), or at latest on November 7, the date Mr. Wolfsohn explicitly acknowledged representing Mr. Alsabah.

Moreover, Mr. Alsabah had contacted Topstep directly about the suit, so he was aware and had actual notice of the suit's existence. *See* Ex. H; *see also In re Chinin USA, Inc.*, 327 B.R. 325, 333 (N.D. Ill. 2005) ("Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint."); *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) (same); *Karlsson v. Rabinowitz*, 318 F.3d 666, 668 (4th Cir. 1963) ("To the extent that there is any rule or guide to be followed by the federal courts ... it is that where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d)(1) should be liberally construed to effectuate service...."). Furthermore, Mr. Wolfsohn previously stated during several phone conferences that he was communicating with Mr. Alsabah about this case, including on October 11, where Mr. Wolfsohn said he would relay Topstep's offer of settlement to Mr. Alsabah, and later on November 1, where Mr. Wolfsohn said Mr. Alsabah rejected the offer. *See Prediction Co. v. Rajgarhia*, No.

4

09 Civ. 7459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010) (stating the purpose of service is to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). Here, Mr. Alsabah had direct knowledge and actual notice of the suit because he had communicated with Topstep about it, and because he had discussed the suit and its potential resolution with his attorney. Additionally, as President and Director[2] of OneUp, Mr. Alsabah was the point of contact on this suit since its inception, further demonstrating Mr. Alsabah's actual notice of the suit.

Accordingly, because (a) OneUp's counsel stated that he represented Mr. Alsabah and was served with the suit, and (b) Mr. Alsabah was aware of, communicated about, and had actual notice of the suit, Topstep respectfully requests the Court recognize that Topstep's service upon Sattam Alsabah was proper.

## II. Alternatively, Serving Mr. Alsabah by Email Will Adequately Notify Him of the Litigation and Is Not Prohibited by International Agreement.

If the Court finds that Mr. Alsabah should be notified of this suit by additional means other than through service on his attorney, Topstep respectfully requests to serve Sattam Alsabah by email and/or Twitter.[3]

Electronic service is appropriate in this case as OneUp and Sattam Alsabah rely on electronic methods to communicate with their clients and counsel, and in official correspondence to the U.S. government at the U.S. Patent & Trademark Office (*see, e.g.*, Ex. I (Mr. Alsabah's federal trademark application to the U.S.P.T.O.)), demonstrating the reliability of this

---

[2] In his electronic filings with the U.S. Patent & Trademark Office, Mr. Alsabah uses both titles interchangeably.

[3] Procedurally, Counsel for OneUp is welcome to provide Mr. Alsabah's preferred email address(es) in a complete answer to Topstep's interrogatory, which would ensure the correct and most frequently used email address(es) to guarantee proper effectuation of service. Otherwise, Topstep requests to use the email address Mr. Alsabah used to contact the U.S. Patent & Trademark Office and Mr. Alsabah's public Twitter account.

communication method for purposes of service of process. Authorizing service of process via email will benefit all parties and the Court by safeguarding Mr. Alsabah's receipt of prompt notice of litigation against him, allowing the Court to move forward expeditiously and use its resources efficiently.

Federal Rule of Civil Procedure 4(f)(3) authorizes service of process "by any means not prohibited by international agreement, as the Court orders." Fed. R. Civ. P. 4(f)(3). A number of courts, including the Northern District of Illinois, have held that under Rule 4(f)(3), alternate forms of service, including email service, are appropriate and may be the most effective means of service of process. *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (holding "without hesitation" that email service of a defendant "was constitutionally acceptable"); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co. Ltd.*, No. 1:08-cv-02593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (finding email and facsimile service appropriate); *Michael Kors, L.L.C. v. The P'ships*, No. 13-cv-8612 (N.D. Ill. Dec 5, 2013), ECF No. 16 (granting service of process by email and electronic publication order); *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio*, 284 F.3d at 1018) (granting motion to permit service of process via email). Accordingly, allowing service solely by email and/or electronic publication in the present case is appropriate and comports with constitutional notions of due process.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio*, 284 F.3d at 1014–15. As explained in *Rio*, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, Rule 4(f)'s plain language requires only that service be (a) not prohibited by international agreement and (b) directed by the

6

court. *Id.*; Fed. R. Civ. P. 4(f). Alternative service under Rule 4(f)(3) is not a "last resort" or "extraordinary relief," but rather one of many methods permitted to serve an international defendant. *Rio*, 284 F.3d at 1014. As such, the Court may allow Topstep to serve Mr. Alsabah via email.

Additionally, Mr. Alsabah is purportedly a resident of Kuwait, The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Convention") does not preclude service by email, and Kuwait does not prohibit electronic service of process. Accordingly, federal district courts routinely permit alternative service of process notwithstanding the applicability of the Convention. *See, e.g.*, *St. Francis Assisi v. Kuwait Fin. House et al.*, No. 3:16-cv-3240, 2016 WL 5725002 (N.D. Cal. Sept. 30, 2016) (allowing service on a Kuwaiti national by Twitter, and finding that service via Twitter under Fed. R. Civ. P. 4(f)(3) was reasonably calculated to give notice and was not prohibited by international agreement); *In re LDK Solar Secs. Litig.*, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service under the Convention); *Popular*, 225 F.R.D. at 562 (authorizing service of process by email while recognizing that "[a]lthough communication via e-mail and over the internet is comparatively new, such communication has been zealously embraced within the business community"). Thus, service of Mr. Alsabah by email and/or Twitter is permissible under international law and Fed. R. Civ. P. 4(f)(3).

Accordingly, Topstep respectfully requests the Court recognize that Mr. Alsabah was served through his counsel and because he had actual notice of the suit, or alternatively, permit Topstep to serve Mr. Alsabah by email and/or Twitter pursuant to Federal Rule of Civil Procedure 4(f)(3).

Dated:  November 9, 2017                Respectfully submitted,

TOPSTEPTRADER, LLC,


By: /s/ Adam Wolek
Adam Wolek
awolek@taftlaw.com
Sanna-Rae Taylor
srtaylor@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 28th Floor
Chicago, Illinois 60601
Phone: (312) 836-4063
Fax: (312) 966-8598
*Attorneys for Plaintiff TopstepTrader, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on November 9, 2017, he caused this document to be served upon the following counsel of record through electronic mail delivery.

Christopher T Grohman
Duane Morris LLP
190 S. LaSalle Street
Suite 3700
Chicago, IL 60603
(312) 499-0118
Email: ctgrohman@duanemorris.com

David J Wolfsohn
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
215-979-1866
Email: djwolfsohn@duanemorris.com

By: /s/ Zachary Clark
Zachary Clark