# EXHIBIT F

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3   TOPSTEPTRADER, LLC,            )
                                    )
 4           Plaintiff,             )
                                    )
 5        v.                        )  No. 17 CV 04412
                                    )
 6   ONEUP TRADER, LLC,             )  Chicago, Illinois
                                    )  June 26, 2017
 7           Defendant.             )  10:33 a.m.

 8                  TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE HARRY D. LEINENWEBER
 9
     APPEARANCES:
10
     For the Plaintiff:        WOLEK & NOACK
11                             BY:  MR. ADAM WOLEK
                                    MR. BRIAN T. NOACK
12                             333 South Wabash Avenue, Suite 2700
                               Chicago, Illinois 60604
13                             (312) 860-9006
                               adamw@wonoip.com
14                             briann@wonoip.com

15   For the Defendant:        DUANE MORRIS, LLP
                               BY:  MR. CHRISTOPHER T. GROHMAN
16                             190 South LaSalle Street, Suite 3700
                               Chicago, Illinois 60603
17                             (312) 499-0118
                               ctgrohman@duanemorris.com
18
                               DUANE MORRIS, LLP
19                             BY:  MR. DAVID J. WOLFSOHN
                               30 South 17th Street
20                             Philadelphia, Pennsylvania 19103
                               (215) 979-1866
21
     ALSO PRESENT:             MR. JAY RUDMAN
22
     Court Reporter:           Judith A. Walsh, CSR, RDR, CRR
23                             Official Court Reporter
                               219 South Dearborn Street, Room 1944
24                             Chicago, Illinois 60604
                               (312) 702-8865
25                             judith_walsh@ilnd.uscourts.gov
```

1   shaded in this reproduction is if you linked -- if you clicked
2   on it, it's a link, and it actually goes to the terms of use
3   of TopStepTrader.
4   Q.   Thank you.  Mr. Rudman, could you flip over to Exhibit D,
5   please?
6   A.   Certainly.
7   Q.   What is this?
8   A.   This is --
9           MR. WOLFSOHN:  Objection, lack of foundation.  The
10  witness was not at the company during this time and has not
11  testified that he had any knowledge of the IT system, and it's
12  an --
13          THE COURT:  Have we established that C was in
14  existence in 2015?
15          MR. WOLEK:  C was in existence as of fall 2016.  This
16  was in existence prior to that which also is contemporaneous
17  with where Mr. Rudman was with the company.
18          THE COURT:  But the point was, as I understood it,
19  that your evidence will show that, and I can't remember his
20  name, but their principal --
21          MR. WOLFSOHN:  Sattam Alsabah.
22          THE COURT:  -- signed up in 2015.  He agreed to the
23  terms.  And so it would be important, I would think, to know
24  what he agreed to in 2015 because that was, if he has a
25  contract, that would be it, wouldn't it?

Case: 1:17-cv-04412 Document #: 49-7 Filed: 12/05/17 Page 4 of 7 PageID #:1376
Rudman - cross by Wolfsohn
129

1   A.   I have.
2   Q.   And is it part of -- well, tell me how it came about that
3   you saw a digital version of this.
4   A.   If you recall, I was the chief revenue officer of the
5   organization from June of 2016 until about March of 2017. And
6   this incarnation of the sign-up page existed on the
7   TopStepTrader website prior to November of 2016.
8   Q.   And if one -- you'd agree -- you'd agree with me that
9   there was a lot of content other than Exhibit D in the website
10   at that time?
11   A.   Oh, yes, sir.
12         MR. WOLEK: Objection, vague.
13         THE COURT: Overruled.
14   BY MR. WOLFSOHN:
15   Q.   You said, "Oh, yes"?
16   A.   I said, "Yes, sir."
17   Q.   Okay. And do you know why that content was not provided
18   so that we could see Exhibit D in context?
19   A.   I would not know that, no.
20   Q.   And where it says, "I agree to the terms and conditions,"
21   what color is that in the actual website?
22   A.   At this point in time back in the 2016 timeframe?
23   Q.   On September 13th -- let me ask you this. Is it your
24   testimony, sir, that on September 13th, 2015, Exhibit D was
25   part of the website?

1  A.  Yes, that is my testimony.

2  Q.  All right.  What color was it?

3  A.  I can find that out.  I don't want to mis-speak.  It could
4  have been one of two colors.

5  Q.  And I see here that there's -- you're supposed to put a
6  phone number or Skype ID in there.

7  A.  Yes.

8  Q.  Was that a required field?

9  A.  Yes.

10  Q.  All right.  And but I see that on Exhibit 8, Mr. Alsabah
11  did not put in a phone number, correct?

12  A.  Exhibit 8 might have just been the way they pulled the
13  data.

14  Q.  I'm not asking for your speculation, sir.  You'd agree
15  that it's not there, right?

16  A.  I agree that it's not on this printout, Exhibit 8.

17  Q.  And so you said it might be the way they pulled the data,
18  so you don't even know if Exhibit 8 shows all the data that
19  are available with respect to Sattam Alsabah?

20  A.  Can you repeat the question, please?

21  Q.  Can you say under oath whether or not Exhibit 8 has all
22  the data that you have about Mr. Alsabah?

23  A.  I cannot say that.

24  Q.  Okay.  Did you ask for any records in the database as to
25  evidence that Mr. Alsabah read the terms and conditions?

Case: 1:17-cv-04412 Document #: 49-7 Filed: 12/05/17 Page 6 of 7 PageID #:1378
Rudman - cross by Wolfsohn
154

MR. WOLEK:  -- counsel again.

MR. WOLFSOHN:  No, it's a question.

MR. WOLEK:  They haven't been submitted into evidence.

MR. WOLFSOHN:  I know.  I haven't moved them into evidence.

MR. WOLEK:  You didn't provide them to us beforehand.

MR. WOLFSOHN:  You didn't provide me with a darn thing that you showed the Court today, sir.

THE COURT:  The question is, is he correct in what his observation was.  To your knowledge, either he is or he isn't or you don't know.

BY MR. WOLFSOHN:

Q.  To your knowledge, did any of these videos including the one that's linked to your Linked In page require the watcher to agree to terms of use?

A.  Not to my knowledge.

Q.  Was a conscious decision made by the company to allow anybody with access to the internet to view, like you heard Conor say there, the entire website without having to agree to terms of use?

A.  I don't know if it was the entire website.  I just saw a few minutes of it.  As I said, I haven't watched his entire video.

Q.  Was a decision made that anybody with access to the internet could watch at least some of the website without

Case: 1:17-cv-04412 Document #: 49-7 Filed: 12/05/17 Page 7 of 7 PageID #:1379
Rudman - cross by Wolfsohn
155

having to agree to terms of use?

A. Our goal is to provide as much transparency as possible and establish credibility.

Q. Meaning that you wanted people to watch videos like these which includes screen shots of the website without having them to agree to any of that fine print, correct?

A. I believe so, yes.

Q. So basically, it's your position that only people who have viewed the terms of use -- I'll withdraw that. Okay. Let's move on to something else.

Now, when did you first become aware of OneUp Trader's website?

A. OneUp Trader's website, we were aware of what we believe to be a predecessor of MES Capital probably right when I began, which would have been mid-2016, you know, around that time. I don't know the exact date for which I became aware of the oneuptrader.com website.

Q. How about the website that you believe is causing you irreparable harm, when did you become aware of that one?

A. That would have been early this year. I don't know an exact date, however.

Q. Okay. Let me see if I can refresh your recollection.

(Pause.)

    MR. WOLEK: Can we have a copy, too?

    MR. WOLFSOHN: Yes. Sorry about that.