## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TOPSTEPTRADER, LLC<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ONEUP TRADER, LLC, and SATTAM ALSABAH,<br>　　　　　　Defendants. | No. 1:17-cv-4412<br><br>Judge Harry D. Leinenweber |

### Plaintiff TopstepTrader, LLC's Motion to Conduct Jurisdictional Discovery

**L.R. 12(k) Statement:** Plaintiff's counsel exchanged 7 emails with Defendant Mr. Alsabah's counsel requesting jurisdictional discovery, and spoke with opposing counsel on December 7. Defendants did not agree. Ex. A.

Plaintiff TopstepTrader, LLC ("Topstep") filed this suit on June 12, 2017, asking the Court to stop Defendant OneUp Trader, LLC ("OneUp") from copying Topstep's copyrighted content. Prior to filing suit, Topstep contacted OneUp numerous times, but OneUp rejected all of Topstep's requests to resolve the matter amicably. *See* Compl. ¶¶ 35-42, ECF No. 1. After the hearing on Topstep's Motion for a Temporary Restraining Order, Defendant Sattam Alsabah, President and Director of OneUp, contacted Topstep directly. *See* Pl.'s Mot. for Recognition of Proper Service, Ex. H, ECF No. 39-8. OneUp filed its Answer to the Complaint on August 21, 2017, and filed a counter-claim for a declaratory judgment of no copyright infringement. On or about August 31, 2017, Topstep contacted Defense counsel to ask if they would be amenable to stay pending settlement discussions. Topstep reiterated its offer for requesting a stay pending settlement discussions. OneUp's counsel refused.

Topstep filed a second amended complaint on October 6, 2017, adding Mr. Alsabah as a Defendant because he had logged into and accessed Topstep's system, but otherwise left the

21688552.5

complaint virtually unchanged from the original complaint. Defendant OneUp subsequently filed a Motion to Dismiss the same causes of action they had previously answered. Defendants' counsel then also refused to accept service for Mr. Alsabah despite admitting to representing him. After service was recognized upon Mr. Alsabah, he filed a motion to dismiss for lack of personal jurisdiction. *See* Def.'s Mot. to Dismiss, ECF No. 48.

## I. Jurisdictional Discovery is Proper Due to Mr. Alsabah's Actions and Chicago Ties

Topstep explained the basis for this Court's personal jurisdiction over Mr. Alsabah in its Second Amended Complaint. *See* Second Am. Compl. ¶¶ 6-8, 33, ECF No. 33. In short, Mr. Alsabah logged into Topstep's system in Chicago, and when on Topstep's system, copied Topstep's copyrighted content, violated the terms of service, and used the ill-gotten copyrighted material to solicit Illinois consumers, knowing that his intentional infringement would harm Topstep in this District. Furthermore, OneUp has stated that Mr. Alsabah has worked with a partner in Chicago to present OneUp's content, which Topstep alleges infringed its copyrights, violated its terms of service, and was presented to Illinois consumers. In addition, Mr. Alsabah's motion and supporting declaration make a number of factual assertions inconsistent with Topstep's investigation, suggesting additional bases for keeping this case in this Court. For instance, Mr. Alsabah declares that he never transacted any business in the state of Illinois in his personal capacity, but (a) discloses only one email address (despite having a business partner in Chicago, *see* Exs. B & C), (b) does not disclose his other email addresses that could have been used log into Topstep's system, and (c) does not state whether he directed others to log into Topstep's system.

## II. Topstep's Proposed Jurisdictional Discovery is Limited, Narrow and Expedited, and is Reasonable in Light of Mr. Alsabah's Declaration and Motion to Dismiss

In response to Mr. Alsabah's motion, Topstep asked Defendants if they would agree to allow limited, narrow, and expedited jurisdictional discovery. Topstep requested 5 requests for

production, 5 interrogatories, and 1 jurisdictional deposition. Topstep requested one week to submit its requests, two weeks for Defendants to respond, two weeks to depose Mr. Alsabah, and a January 30 deadline for Topstep to respond to Defendants' motions to dismiss. Defendants refused to agree to limited jurisdictional discovery.

Topstep respectfully asks the Court to allow the following jurisdictional discovery:[1]

- five requests for production with responsive documents due by December 26 (attached as Exhibit D);
- five interrogatories to be answered by December 26 (attached as Exhibit E); and
- a jurisdictional deposition of Mr. Alsabah to be conducted by January 5, at OneUp's offices or other location convenient to them (attached as Exhibit F).

The attached discovery requests are focused on jurisdictional issues and issues raised in Mr. Alsabah's motion, such as whether he has ever conducted business in Illinois, his marketing efforts in Illinois, the extent of his past contacts with this state, communications with persons here, past communications about Topstep, his awareness of Topstep, and about inconsistencies or misstatements in Mr. Alsabah's declaration submitted in support of his motion.

Topstep can respond to Defendants' motions to dismiss within three weeks of receiving the limited discovery described above. Thus, Topstep would respond to Defendants' motions by January 30 if the Court adopts the schedule outlined above.

If Defendants object to the proposed abbreviated schedule, Topstep is amenable to agree to additional time and only proposes the abbreviated schedule in the interests of avoiding delay.

## Conclusion

For these reasons, Topstep respectfully requests leave to conduct limited jurisdictional

---

[1] Topstep respectfully requests that this limited jurisdictional discovery not otherwise limit the amount of discovery permitted by the Federal Rules of Civil Procedure. Additionally, Topstep expressly reserves the right to depose Mr. Alsabah on fact discovery at a later date.

discovery as described in this Motion.

Dated:  December 7, 2017 

Respectfully submitted,

TOPSTEPTRADER, LLC,

By:  /s/ Adam Wolek
Adam Wolek
awolek@taftlaw.com
Sanna-Rae Taylor
srtaylor@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 28th Floor
Chicago, Illinois 60601
Phone: (312) 836-4063
Fax: (312) 966-8598
*Attorneys for Plaintiff TopstepTrader, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on December 7, 2017, he caused this document to be served upon the following counsel of record through electronic mail delivery.

Christopher T Grohman
Duane Morris LLP
190 S. LaSalle Street
Suite 3700
Chicago, IL 60603
(312) 499-0118
Email: ctgrohman@duanemorris.com

David J Wolfsohn
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
215-979-1866
Email: djwolfsohn@duanemorris.com

By: /s/ Zachary Clark