# EXHIBIT D

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TOPSTEPTRADER, LLC<br><br>               Plaintiff,<br><br>   v.<br><br>ONEUP TRADER, LLC, and SATTAM ALSABAH,<br><br>               Defendants. | No. 1:17-cv-4412<br><br>Judge Harry D. Leinenweber |

**Plaintiff TopstepTrader, LLC's First Set of Requests for Production (Nos. 1-5)**

Plaintiff TopstepTrader, LLC ("Topstep") requests Defendant Sattam Alsabah produce for inspection and copying the documents and things requested below on or before December 26, 2017. These requests and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by the Federal Rules of Civil Procedure.

**Instructions**

1. For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the request itself. This includes, without limitation, the following:

    a. Construing the words "and" and "or" used in any request in the disjunctive or conjunctive as necessary, to make the request more inclusive;

    b. Construing the words "any" and "all" used in any request to mean "any and all" as necessary to make the request more inclusive;

    c. Construing the singular form of any word to include the plural and the plural form to include the singular; and

    d. Construing the masculine form to include the feminine and/or the gender

21688567.4

    neutral form.

  2. These requests shall be deemed to seek answers as of the date hereof and to the full extent of the Federal Rules of Civil Procedure. Furthermore, these requests are of a continuing nature.

  3. If any information called for is withheld on the basis of a claim or privilege or attorney work-product, the claimed basis for withholding the information and the nature of the information withheld shall be set forth in a privilege log satisfying the requirements of Federal Rule of Civil Procedure 26(c) that includes a statement of all the circumstances which will be relied upon to support such a claim.

  4. If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request.

  5. If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any manner, set forth the details of such qualification.

  6. If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

  7. In responding to the requests, please furnish all documents available to Mr. Alsabah and not merely such documents as the persons preparing the responses know of their

own personal knowledge. For purposes of these requests, documents belonging to persons other than Mr. Alsabah but to which Mr. Alsabah has routine access in the ordinary course of business are considered available to Mr. Alsabah. In responding to these requests, Topstep requests that Mr. Alsabah make a diligent search of their records or other papers and materials in their possession or the possession of their employees, attorneys, consultants, or other representatives, alive or deceased, to the extent necessary to provide responsive documents.

8. Unless otherwise indicated, these requests seek documents from the unlimited past through the present.

9. You are to produce all documents that are responsive in whole or in part to any of the requests herein in full, without abridgement, abbreviation, or expurgation of any sort, and regardless of whether you deem such documents to be irrelevant to the issues for which such documents are being sought. If any document cannot be produced in its entirety, produce as much of the document as possible and indicate in your written response what portion of the document is not produced and why it could not be produced.

**Definitions**

A. The term "OneUp" means Defendant OneUp Trader, LLC and each of its predecessors, successors, subsidiaries, divisions, assigns, other names or aliases, and each other entity or person directly or indirectly, wholly or in part, owned or controlled by each, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

B. The term "Mr. Alsabah" means Defendant Sattam Alsabah and all individuals and OneUp agents or employees acting on Defendant Sattam Alsabah's behalf.

C. The term "document" shall have the broadest meaning consistent with the Federal

Rule of Civil Procedure 34(a) including, but not limited to, all documents, tangible things, and electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

  D. As used herein the term "all" refers to any and all, and the term "any" likewise refers to any and all.

  E. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to being within the scope of this request any document which might otherwise be construed to be outside its scope.

  F. The singular includes the plural and vice versa; and a masculine, feminine or neuter shall not exclude the other genders.

## Requests for Production

**Request No. 1:** Documents sufficient to identify all identities used by Mr. Alsabah, including all names, usernames, pseudonyms, emails, user identifications, aliases, handles, nicknames, assumed names, and all other credentials used by Mr. Alsabah, including those so used to access any portion of Topstep's website.

**Request No. 2:** All documents relating to communications between Mr. Alsabah and persons or entities located in the State of Illinois, including but not limited to emails, other electronic messages, letters, and notes or recordings of telephone calls, including all communications between Mr. Alsabah and OneUp, and OneUp and Mark Lenkowski, at any time.

**Request No. 3:** All documents sufficient to show Mr. Alsabah's physical and electronic whereabouts, including but not limited to travel documents, electronic login records, and browser history, from September 2015 through May 2017.

**Request No. 4:** Documents sufficient to provide the name, address, and telephone number for all current and former prospective or actual clients of Mr. Alsabah or OneUp with addresses in the State of Illinois.

**Request No. 5:** All call sheets, client lists prospective client lists, lead lists, and other compilations of information which Mr. Alsabah or OneUp uses or has used to identify or contact prospective clients that mention or reference individuals or entities located in the State of Illinois.

Dated: December ___, 2017

Respectfully submitted,

TOPSTEPTRADER, LLC,

By: _____
Adam Wolek
awolek@taftlaw.com
Sanna-Rae Taylor
srtaylor@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 28th Floor
Chicago, Illinois 60601
Phone: (312) 836-4063
Fax: (312) 966-8598
*Attorneys for Plaintiff TopstepTrader, LLC*

## CERTIFICATE OF SERVICE

  The undersigned certifies that, on December \_\_\_\_\_, 2017, he caused this document to be served upon the following counsel of record through electronic mail delivery.

Christopher T Grohman
Duane Morris LLP
190 S. LaSalle Street
Suite 3700
Chicago, IL 60603
(312) 499-0118
Email: ctgrohman@duanemorris.com

David J Wolfsohn
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
215-979-1866
Email: djwolfsohn@duanemorris.com

              By: _____

21688567.4