**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TOPSTEPTRADER, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ONEUP TRADER, LLC, and SATTAM ) <br> ALSABAH, ) <br> ) <br> Defendants. ) | Case Number 17-cv-4412 <br><br> Judge: Hon. Harry D. Leinenweber |

**DEFENDANT SATTAM ALSABAH'S OPPOSITION TO
PLAINTIFF TOPSTEPTRADER, LLC'S MOTION TO
COMPEL LIMITED JURISDICTIONAL DISCOVERY &
EXTENSION OF TIME TO RESPOND (DKT. NO. 60)**

Topstep's so-called Motion to Compel Limited Jurisdictional Discovery & Extension of Time to Respond[1] (Dkt. No. 60) is in fact an untimely motion for reconsideration. Topstep already asked the Court for the discovery it now seeks and the Court denied it. The current motion is an improper attempt to relitigate an issue already decided by the Court and it is sanctionable.

During the December 12, 2017 hearing on Topstep's Motion to Conduct Jurisdictional Discovery (Dkt. No. 51), the Court made it clear that it would not permit Topstep to engage in the vast, remarkably intrusive discovery requested in that motion. Rather, the Court stated it would only grant the motion in part by requiring Mr. Alsabah to produce "any email addresses that [he] . . . used to log on to [Topstep's website]." Dec. 12, 2017 Hearing Tr. at 10:11-15; *see*

---

[1] On December 29, 2017, the Court granted Topstep's request for an extension of time to file a response to Mr. Alsabah's motions to dismiss. Therefore, only Topstep's motion to compel remains in dispute.

*also* 12:24-13:2. In its written order of the same date, the Court reiterated that it would "allow limited discovery regarding any access or digital contact that Defendant Alsabah had with Topsteptrader's website and any and all email addresses used to access[2] or attempt to access Topsteptrader's website." Dkt. No. 57. Mr. Alsabah timely complied with the Court's order and Topstep's requests as narrowed by the Court. Of course, Mr. Alsabah's response does not jive with Topstep's conspiracy theory that Mr. Alsabah has been secretly hiding his alleged access to Topstep's website by using pseudonyms (which would make no sense anyway since the contents of the website are publicly available on YouTube), so Topstep now must pretend that the Court's order limiting the vast discovery sought is a nullity.

Topstep's Interrogatory No. 1 asks Mr. Alsabah to "[i]dentify all identities used by Mr. Alsabah, including names, usernames, pseudonyms, emails, user identifications, aliases, handles, nicknames, assumed names, and all other credentials, including those used on Topstep's website." On December 21, 2017, Mr. Alsabah responded within the scope of the Court's order by providing Topstep with the one email address Mr. Alsabah provided to Topstep (an email address already cited by Topstep in this litigation). Under no stretch of the imagination was Mr. Alsabah's response deficient in any way. Yet, within less than two hours of receipt, counsel for Topstep began pursuing Mr. Alsabah's counsel for additional information—specifically, for Mr. Alsabah's email addresses *other than* the one Mr. Alsabah stated that he used in connection with Topstep's website.

The next day, Topstep filed this motion. The motion mischaracterizes the plain language of the Court's ruling, stating that "[t]he Court granted Topstep limited jurisdictional discovery to

---

[2] In fact, during the relevant time period, no email address was needed to access Topstep's website. The website was available to anyone with an internet connection. More recently, presumably because of this litigation, Topstep appears to have required the submission of credentials to access some of the content on its website.

2

obtain Mr. Alsabah's email addresses to assess Mr. Alsabah's accessing their system." Dkt. No. 60 at 2. This statement is not accurate. The Court never said that Topstep is entitled to obtain Mr. Alsabah's email addresses that have not been used in connection with or provided to Topstep's website; rather, it instructed Mr. Alsabah to produce "any email addresses that [he] . . . used to log on to [Topstep's website]." Dec. 12, 2017 Hearing Tr. at 10:11-15; 12:24-13:2; *see also* Dkt. No. 57. In fact, Mr. Alsabah did not need to use any email address to log on to Topstep's website since none was needed until recently; but Mr. Alsabah read the Court's order more broadly as including any email addresses used in connection with or provided to Topstep, and so he provided Topstep with the one email address so used.

Topstep is well aware that it has nothing to support the exercise of either general or specific personal jurisdiction over Mr. Alsabah in Illinois, and it is not entitled to further delay its day of reckoning on this issue by seeking information that exceeds the scope of permissible jurisdictional discovery set by this Court. Accordingly, Topstep's Motion to Compel should be denied, and Mr. Alsabah should be awarded his fees in connection with responding.

Dated: January 12, 2018

SATTAM ALSABAH

By: */s/ Julie M. Latsko*
David J. Wolfsohn (*admitted pro hac vice*)
djwolfsohn@duanemorris.com
Julie M. Latsko (*admitted pro hac vice*)
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1000
Fax: (215) 979-1020

*Attorneys for Defendant Sattam Alsabah*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January 2018, I caused a true and correct copy of the foregoing document to be served via CM/ECF on the below counsel of record:

>Brian T. Noack, Esquire
>Adam Wolek, Esquire
>Taft Stegginius & Hollister, LLP
>111 East Wacker Drive, Suite 2800
>Chicago, IL 60601
>
>Sanna-Rae Taylor, Esquire
>Taft Stettinius & Hollister LLP
>425 Walnut Street, Suite 1800
>Cincinnati, OH 45202

>*/s/ Julie M. Latsko*
>Julie M. Latsko