UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOPSTEPTRADER, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 17-cv-4412 |
| ) | |
| ONEUP TRADER, LLC and SATTAM ) | Judge Hon. Harry D. Leinenweber |
| ALSABAH, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SATTAM ALSABAH'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE A
<u>SUR-REPLY OR FOR ADDITIONAL BRIEFING</u>**

In the guise of requesting leave to file a sur-reply brief, Topstep has effectively filed a sur-reply brief without leave of this Court. The motion should be denied because, if Topstep had been candid with the Court, it would have discussed the controlling Seventh Circuit authority it now belatedly seeks to address in its opposition brief—authority for which its counsel was attorney of record—rather than trying to mislead the Court as to the current state of the law by relying exclusively on overruled decisions.[1] Moreover, its attempt to distinguish *Ariel Investments* misses the mark. Under *Walden,* the defendant in an IP case must have "'purposefully exploited the [Illinois] market' beyond simply operating an interactive website accessible in the forum state and sending emails to people who may happen to live there." *Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.*, 751 F.3d 796, 802-03 (7th Cir. 2014); *see also AFI Holdings v. Nat'l. Broad. Co.*, 239 F. Supp. 3d 1097, 1108 (N.D. Ill. 2017)

---

[1] Tellingly, Topstep does not seek to address Mr. Alsabah's arguments (1) that the browsewrap terms of use are not enforceable, (2) that Topstep concedes that the Court lacks general or specific jurisdiction over Mr. Alsabah with respect to the noncopyright claims, and (3) that Topstep has pled no facts supporting the conclusion that Mr. Alsabah personally participated in any alleged copying. These concessions alone require dismissal of all the claims against Mr. Alsabah.

(Leinenweber, J.) (where "the only contacts that [defendant] made with Illinois were to view some web pages, send [plaintiff] a two-sentence email, and attempt an unspecified form of communication with [plaintiff] . . . . [the defendant's] contacts with Illinois are too attenuated for the exercise of power to hale it into court"). The fact that Mr. Alsabah allegedly accessed Topstep's website and created an account from Kuwait is insufficient to establish specific personal jurisdiction.[2] As for Topstep's claim that Mr. Alsabah "had a business in Chicago that merged with OneUp,"[3] that supposed contact is unrelated to the present copyright claim and therefore irrelevant to specific jurisdiction. Moreover, Mr. Alsabah's alleged interest in another entity "is not enough to bring [him] within this Court's personal jurisdiction." *J&J Sports Prods., Inc. v. Fialko*, 17 C 3275, 2018 WL 576144, at *2-3 (N.D. Ill. Jan. 26, 2018) (Leinenweber, J.) (individual defendant's controlling interest in former defendant insufficient for specific personal jurisdiction).

As for *Greeley,* that case was discussed in Mr. Alsabah's opening brief and has already been addressed by Topstep in its opposition brief; the fact that Topstep feels the need to address it yet again simply underscores how devastating *Greeley* is to Topstep's copyright claim: On a motion to dismiss, the Court should compare the two works for "substantial similarity" and Topstep has now conceded that they are not "substantially similar," but it speculates that a "website" that it has never seen and was never on the web might contain more than the smattering of common words seen in the two parties' actual websites. Under *Iqbal/Twombly*,

---

[2] Topstep's lawyer argument that Mr. Alsabah "copied [Topstep's website's] content" is not alleged in the Second Amended Complaint and Topstep has supplied no evidence of that to the Court.

[3] Exhibit E to Topstep's opposition brief (D.I. 72) actually shows MES Capital as having an address in the Channel Islands in the United Kingdom, and Exhibit F shows an address in London and Dubai. It is unclear why the online Superpages shows an address in Chicago, and Topstep has submitted no evidence that MES Capital actually had an office there at the time the complaint was filed against Mr. Alsabah.

however, Topstep is required to plead facts showing "substantive plausibility." *Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1076 (N.D. Ill. 2015) (Leinenweber, J.). Rank speculation about something it and the public have never seen is patently insufficient.[4]

Dated:  March 2, 2018   Respectfully submitted,

SATTAM ALSABAH


By:  /s/ David J. Wolfsohn
David J. Wolfsohn (*admitted pro hac vice*)
djwolfsohn@duanemorris.com
Julie M. Latsko (*admitted pro hac vice*)
jmlatsko@duanemorris.com
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1000
Fax:    (215) 979-1020

*Attorneys for Defendants OneUp Trader, LLC and Sattam Alsabah*

---

[4] Even if rank speculation were sufficient, it is difficult to understand how versions of a "website" that was never actually disseminated on the internet could be of any significance, especially from a damages perspective.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March, 2018 I caused a true and correct copy of the foregoing document to be served via CM/ECF on the below counsel of record:

>Brian T. Noack, Esquire
>Adam Wolek, Esquire
>Brianna Marie Skelly, Esquire
>Taft Stegginius & Hollister, LLP
>111 East Wacker Drive, Suite 2800
>Chicago, IL 60601

>/s/ David J. Wolfsohn
>David J. Wolfsohn