# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOPSTEPTRADER, LLC<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ONEUP TRADER, LLC, and<br>SATTAM ALSABAH,<br>　　　　　　　Defendants. | Case Number: 17-cv-4412<br><br>Hon. Judge Harry D. Leinenweber |

Defendants Alsabah[1] and OneUp made false assertions and cited inapposite law that Plaintiff TopstepTrader now addresses.

Defendants' counsel made several misrepresentations to this Court: 1) undersigned counsel argued before the 7th Circuit in *Ariel Investments, LLC v. Ariel Capital Advisors, LLC*, 881 F.3d 520 (7th Cir. 2018); 2) undersigned counsel was an attorney of record at the Seventh Circuit when the *Ariel* decision was issued; and 3) the relevancy of the *Ariel* case. None of these statements are true, and *Ariel* is neither apposite nor controlling to this dispute. The only commonality, rather, is that personal jurisdiction issues were raised in both cases. For instance, *Ariel* is a trademark infringement case where the defendant's owner named his company after his daughter, and an existing company argued its trademark on "Ariel" would cause consumer confusion between the two companies. *Id.* at 521-22. Notably, the defendant in *Ariel* had no direct knowledge of the plaintiff, did not intentionally use the plaintiff's intellectual property, was not alleged to have copied any of the plaintiff's materials, had no contacts with Chicago or any local collaborators, did not create an account on the plaintiff's service, did not subscribe to the plaintiff's service, and never went to the plaintiff's website. By contrast, Defendant Alsabah intentionally visited

---

[1] Collectively referred to as "OneUp" in Topstep's Second Amended Complaint ("SAC") along with Defendant OneUp Trader, LLC. SAC, at p. 1, ECF No. 33.

Topstep's website (SAC ¶¶ 35, 38; ECF No. 72, Ex. C, at p. 6), created an account on Topstep's website (ECF No. 72, Ex. C, at p. 6), accessed and copied Topstep's content (SAC ¶¶ 35, 38), discussed Plaintiff Topstep in online forums (ECF No. 72, Ex. C), has a business partner in Chicago with whom he runs the infringing business (*id.*, Ex. D), and merged his Chicago business with OneUp (*id.*, Exs. E-G).[2] Indeed, like in *Calder v. Jones*, Illinois here "is the focal point both of the story and of the harm suffered." *See* 465 U.S. 783, 789 (1984). And as the Court in *Walden v. Fiore* stated, "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State," as was the case when Alsabah created when he went onto Topstep's system and copied its information, among other reasons.[3] *See* 134 S. Ct. 1115, 1122 (2014).

Second, Defendants' argument concerning the impact of *Joint Comm'n v. Greeley Co.*, No. 14 C 10225, 2016 WL 1450051 (N.D. Ill. Apr. 13, 2016), on this case misses two fundamental differences: (1) *Greeley* merely relates to comparisons of text of publications, as no additional visual similarities existed (*id.* at *2); and (2) the plaintiff in *Greeley* already had *all of the defendant's versions* to compare, so discovery would not have aided in demonstrating *additional* examples (*id.* at *2 n.9), unlike here. Here, Topstep only located and presented Defendants' copying after it was made aware of the website, <u>but Topstep did not have</u> all versions of Defendants' earlier versions due to Defendants' continued website alterations. Though even without those other versions, Topstep uncovered and alleged Defendants' copying included various visual presentations *in addition to* textual portions from Topstep's website: text entirely or nearly verbatim; textual descriptions and information pages; screen layout; use of distinctive colors

---

[2] The only jurisdictional discovery granted to Plaintiff Topstep were email addresses Alsabah stated he used recently (ECF No. 57), but even that limited discovery showed that Alsabah created an account on Topstep's system and logged into Topstep's system (ECF No. 72, Ex. C, at p. 6).

[3] In addition to agreeing to the forum selection clause when he accepted the Terms of Use upon creating an account on Topstep's system.

to offset features and texts; information required from potential users; the order of features presented; instructions; terminology, including the order of words used to express an instruction or requirement and unique terms and phrases created by Topstep; graphic size; text box size; the distinctive structure and layout; charts; and tables, among other aspects. *See, e.g.*, SAC ¶¶ 9-18, 46-55, 61-71; *id.*, Exs. D-I. An ordinary, reasonable person would understand Defendants' website portions to be substantially similar, both in a qualitative and quantitative sense, to Topstep's website. *See, e.g.*, *Joint Comm'n on Accreditation of Healthcare Orgs. v. Fortis Bus. Media LLC*, No. 16 C 04724, 2017 WL 3895594, at *6 (N.D. Ill. Sept. 6, 2017) ("[E]ven if the similar material is quantitatively small, if it is qualitatively important, the trier of fact may properly find substantial similarity. . . . In general under such circumstances, the defendant may not claim immunity on the grounds that the infringement 'is such a little one.'") (citations omitted); *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 916-17 (7th Cir. 2007) ("hav[ing] no trouble concluding that the district court properly granted partial summary judgment . . . on the issue of liability for copyright infringement," despite differences, when similarities, in combination, "give off more than a similar air"). While Defendants ignore the visual similarities and cite low percentages by including in the word-count of less central website pages, they neglect to reveal their copying was the "heart" of Plaintiff's work: the description and explanation of Topstep's entire system.

Furthermore, the plaintiff in *Greeley* had all versions of the defendant's publications, so discovery would not have uncovered additional copying. *Greeley*, at *2 n.9. Whereas here, it certainly will. Before Topstep learned of the copying, Defendants changed their website to hide the prior versions and copying, and as a result, Topstep does not have access to OneUp's earlier website versions and drafts to compare for additional copying. Notably, Defendants have not made their website drafts public or provided them to Topstep, effectively obfuscating that Topstep's

3

materials were the origins of Defendants' works. Nonetheless, even Defendants' later versions (previously located by Topstep online) contain words and phrases coined by Topstep (as well as additional visual and textual similarities noted above), occurrences impossible *but for* Defendants' direct copying of Topstep's website.

Dated:  March 27, 2018                                     Respectfully submitted,

                                                           TOPSTEPTRADER, LLC,


                                                           By:    /s/ Adam Wolek

                                                           Adam Wolek
                                                           awolek@taftlaw.com
                                                           TAFT STETTINIUS & HOLLISTER LLP
                                                           111 E. Wacker Drive, 28th Floor
                                                           Chicago, Illinois  60601
                                                           Phone: (312) 836-4063
                                                           Fax: (312) 966-8598
                                                           *Attorney for Plaintiff TopstepTrader, LLC*

## CERTIFICATE OF SERVICE

      The undersigned attorney certifies that on March 27, 2018, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. All participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


      /s/ Adam Wolek