UNTIED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOPSTEPTRADER, LLC, <br><br>               Plaintiff, <br><br>   v. <br><br>ONEUP TRADER, LLC and <br>SATTAM ALSABAH, <br><br>               Defendants. | ) <br> ) <br> ) Case Number 17-cv-4412 <br> ) <br> ) Judge: Hon. Harry D. Leinenweber <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

Defendants, OneUp Trader, LLC ("OneUp") and Sattam Alsabah ("Alsabah"), through their attorneys, hereby answers the corresponding paragraphs of Plaintiff's Third Amended Complaint as follows:

### PARTIES

Defendants deny the allegations of the unnumbered paragraph at the beginning of Topstep's Third Amended Complaint.

1. OneUp lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are accordingly denied.

2. It is admitted that OneUp Trader, LLC, is a Delaware limited liability corporation. It is denied that the principal place of business is at 501 Silverside Road, Suite 403, Wilmington, Delaware 19809.

3. It is admitted that Mr. Alsabah resides in Kuwait.

### JURISDICTION AND VENUE

4. It is denied that the amount in controversy exceeds $75,000. It is admitted that this Court has subject matter jurisdiction over plaintiff's claim under the Copyright Act. As to

whether the parties are completely diverse, defendants lack information or knowledge sufficient to form a belief as to the truth of that allegation and it is accordingly denied. The remaining allegations of this paragraph are denied.

    5.      Denied.

    6.      Denied.

    7.      Denied.

    8.      Denied.

**"FACTUAL BACKGROUND"**

    9.      Denied.

    10.    Denied.

    11.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are accordingly denied.

    12.    Denied.

    13.    Denied.

    14.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are accordingly denied.

    15.    Denied.

    16.    OneUp lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are accordingly denied.

    17.    Denied.

    18.    Denied.

    19.    Denied.

    20.    Denied.

    21.    Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied

31. Denied.

32. Denied.

33. Denied.

## "DEFENDANTS' MISCONDUCT"

34. Denied.

35. Denied.

36. It is admitted that Mr. Alsabah has an ownership interest in OneUp Trader and that he founded the company.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. It is admitted only that OneUp made changes to its website after receiving a cease and desist letter from plaintiff. The remaining allegations of this paragraph are denied.

55. Denied.

56. It is admitted only that OneUp made additional changes to its website after receiving a second letter from plaintiff. The remaining allegations of this paragraph are denied.

57. It is admitted that plaintiff sent a letter on or around May 31, 2017. The remaining allegations of this paragraph are denied.

58. Denied.

59. Denied.

60. It is admitted that plaintiff's counsel sent the letters attached at Exhibit G. The remaining allegations of this paragraph are denied.

61. Denied.

## COUNT I
## "COPYRIGHT INFRINGEMENT"

62. Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

63. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are accordingly denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## COUNT II
## "BREACH OF CONTRACT"

74. Defendants incorporate by reference their answers to the allegations contained in the preceding paragraphs as if set forth fully herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## COUNT III
## UNJUST ENRICHMENT
### (In the Alternative)

94. Defendants incorporate by reference their answers to the allegations contained in the preceding paragraphs as if set forth fully herein.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

WHEREFORE, defendants respectfully request that this Court:

1. Enter judgment in their favor and against plaintiff on each of its claims;

2. Award Defendants their attorneys' fees and costs pursuant to the Copyright Act, 17 US.C. § 505;

3. Deny Plaintiff's request for injunctive relief;

4. Grant defendants a declaratory judgment that they are not infringing any of plaintiff's purported intellectual property rights and that plaintiff's terms of use are unenforceable; and

5. Grant Defendants such other relief as may be just and warranted under the circumstances.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Third Amended Complaint, Defendants pray for judgment as follows:

A. That this Court fully and finally dismiss with prejudice plaintiff's claims against defendants and that plaintiff take nothing from defendants;

B. That this Court enter judgment and declare that OneUp and Alsabah have not and do not infringe any copyright interest of plaintiff in its website content;

C. That this Court enter a judgment awarding OneUp and Alsabah their attorneys' fees under 17 U.S.C. section 505;

D. That this Court award OneUp and Alsabah all of their costs of this action; and

E. That this Court grant OneUp and Alsabah such other and further relief as the Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all issues so triable.

Dated: August 28, 2018

Respectfully submitted,

ONEUP TRADER, LLC and
SATTAM ALSABAH


 /s/ David J. Wolfsohn
David J. Wolfsohn (*admitted pro hac vice*)
djwolfsohn@duanemorris.com
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1000
Fax:    (215) 979-1020

*Attorneys for Defendants OneUp Trader, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2018 I caused a true and correct copy of the foregoing document to be served via CM/ECF on the below counsel of record:

>Adam Wolek, Esquire
>Brianna Marie Skelly, Esquire
>Taft Stegginius & Hollister, LLP
>111 East Wacker Drive, Suite 2800
>Chicago, IL 60601

>/s/ David J. Wolfsohn
>David J. Wolfsohn